George Postel, J.
This is a proceeding to review a determination of the New York City Civil Service Commission.
Petitioner was dismissed from his position with the New York City Transit Authority after a disciplinary hearing. Petitioner appealed to the Civil Service Commission pursuant to section 76 of the Civil Service Law. The commission made the following determination: ‘ ‘ After reviewing all the evidence and the testimony in the case, the City Civil Service Commission found *916 the penalty of dismissal to be harsh and voted to have the period from your dismissal which was effective as of May 15, 1967 to the present time to be sufficient penalty and directed that you be restored to your duties as a Bus Maintainer A provided you sign a waiver of back pay and any claim of wages during that period and providing further that you simultaneously resign from the New York City Transit Authority. ”
Petitioner contends that the commission had no right to direct reinstatement provided petitioner signs a waiver of back pay and simultaneously resigns from his position. Respondent contends that having elected to appeal his dismissal directly to the Civil Service Commission, the court is without power to review the determination since the provisions of subdivision 3 of section 76 of the Civil Service Law provide: “ The decision of such civil service commission shall be final and conclusive, and not subject to further review in any court. ” Respondent further contends that its determination was a ‘ ‘ modification ’ ’ consistent with its powers under subdivision 3 of section 76 of the Civil Service Law. As to the question whether this court has the power of review, where the claim is made that the determination was arbitrary, the court has jurisdiction notwithstanding the provisions of subdivision 3 of section 76 of the Civil Service Law. (Matter of Santella v. Hoberman, 29 A D 2d 655.)
As to the merits, the determination of respondent was clearly a modification of the original dismissal, which inured to the future benefit of petitioner. In effect, the determination complained of gave petitioner the option of voluntarily resigning as opposed to outright dismissal. In this regard the determination amounts to a conditional modification and thus is consistent with the commission’s powers under subdivision 3 of section 76 of the Civil Service Law.
Accordingly the application (CPLR, art. 78) is denied and the petition dismissed.