Carrollton A. Roberts, J.
This is an application pursuant to article 78 of the CPLR to review and annul a determination of the State Department of Social Services and the State Board of Social Welfare disapproving the appointment of one Richard S. Dombrowski as Seneca County Commissioner of Social Services. The documentary evidence submitted to the court upon the oral arguments of the parties tends to establish, contrary to the contention of the respondents, that Mr. Dombrowski was duly certified by the local Civil Service Commission as being qualified for the position of Seneca County Commissioner. Thereafter, the Department of Social Services reviewed Mr. Dombrowski’s qualifications in accordance with rule 98.72 of the Board of Social Welfare (18 NYCCR 98.72), found him lacking, reported this finding to the local authorities, and suggested immediate replacement. Upon the failure of the Seneca County Board of Supervisors to replace Mr. Dombrowski, the Commissioner of Social Services for the State of New York informed the board that the Department of Social Services would, effective July 1, 1968, withhold reimbursement on all cases administered by Seneca County until conformity with the department’s ruling regarding Mr. Dombrowski was achieved.
Subsequently, on June 17, 1968, a statutory review hearing was held during which Mr. Dombrowski and local authorities argued for his confirmation and for the restoration of public assistance benefits to the County of Seneca. By resolution adopted after this hearing, the State Board of Social Welfare approved the action of the Commissioner and rejected the *46 various arguments made by Mr. Dombrowski and the local authorities to overturn the department’s ruling.
The argument now raised by the Board of Supervisors and Mr. Dombrowski before this court is that the department’s refusal to approve him was an arbitrary and capricious application of the standards set forth in rule 98.72 and further a nullity insofar as the local Civil Service Commission, having approved Mr. Dombrowski, was the exclusive instrumentality for approving and certifying candidates as qualified for the position of County Commissioner of Social Services.
Before reaching these contentions this court must determine whether the actions of the department are properly reviewable in an article 78 proceeding.
Basic is the rule that an article 78 proceeding cannot be used to review the propriety of department activities basically legislative in character. Pursuant to State constitutional mandate, section 5 of the Social Services Law creates a State Department of Social Services. Section 6 of that statute provides that a Board of Social Welfare consisting of 15 members shall constitute the head of the department, with section 11 providing for the appointment by the board of a Commissioner as chief administrative and executive officer
Section 17 describes the powers and duties of the board as regulatory and advisory, not administrative or executive. The board is invested with rule-making power and section 116 provides that no person can be appointed to head a local welfare or social services agency “who does not meet minimum qualifications required therefor by the board pursuant to section seventeen ”. Section 34 (subd. 3, par. [e]) mandates that the Commissioner, as head of the department, must enforce the rules and regulations of the board and department in local governmental agencies within the State. Section 20 provides that the department, upon a hearing before the board, can through the Commissioner withhold State assistance in whole or in part to local subdivisions for failure to comply with the rules and regulations of the board governing the administration of public assistance. Board rule 98.72 is such a State-promulgated rule and the action of the department pursuant to that rule supersedes any action taken by the local Civil Service Commission. Thus, subdivision 3 of section 18 of the Social Services Law specifically provides that department or board rules and regulations will prevail over any contrary local rulings or actions regarding the administration of the statute. Local rules may not be inconsistent with board rules, applicable provisions of law, or depart *47 ment regulations. (State Bd. of Social Welfare v. City of Newburgh, 28 Misc 2d 539, 547.)
Subdivision 1 of section 18 of the Social Services Law is a direct legislative mandate to the department and its administering board to implement the Social Services Law statutory scheme by rule-making. Pursuant to this statute, the Legislature clearly has reserved to the Department of Social Services and the board the responsibility of carrying out the programs and welfare policies of the State throughout all of its local instrumentalities. In the instant situation, the source of the department’s authority is the statutory welfare and social services scheme promulgated by the Social Services Law and the department’s actions thereunder clearly were directed at the implementation of the legislative intention represented by the law. As such the department’s actions are legislative and not reviewable in an article 78 proceeding. (Matter of Fix v. City of Rochester, 50 Misc 2d 660; Matter of Lakeland Water Dist. v. Onondaga County Water Auth., 29 A D 2d 1042.)
Further, the statutory pattern of specifically providing for judicial review in some instances and expressly stating that board or department rulings shall be final in other instances suggests a clear statutory delineation of the instances when the department or board is acting legislatively or administratively as the case may be. Thus, for example, section 74-h and subdivision 7 of section 139-a, dealing respectively with the denial of an application for public assistance and the integration of local welfare administration, provide for department review as the exclusive appellate remedy and are silent as to .judicial review. On the other hand, subdivision 1 of section 119 and subdivision 3 of section 385, applicable to proceedings to fix local liability for hospital or institutional care and aid to destitute or dependent children, provide for departmental review but also expressly reserve the right to judicial review. In our situation, nothing in the Social Services Law reserves the right to judicial review to one in petitioner’s position. Furthermore, section 20, providing for withholding of State aid as a means of compelling local compliance, by conditioning this action only upon a hearing before the board, permits the inference that no judicial review was contemplated on our facts. Given this statutory silence, in light of the afore-mentioned pattern of reserving judicial review in some instances, the conclusion is inescapable that the department’s action in the case at bar was legislative and not subject to court review in an article 78 proceeding. (Matter of Guardian Life Ins. Co. v. Bohlinger, 308 N. Y. 174,180,183 [1954].)
*48 The petition therefore must be dismissed. This court is not unmindful of the admonition of the Appellate Division in the Lakeland Water List, case (supra) that once the parties are before the court, notwithstanding that article 78 review is inappropriate, the court should nonetheless retain jurisdiction and fashion whatever remedy may be proper. This cause, however, is neither pleaded as an action for declaratory judgment nor supported by evidence apropos such action. In fact, on the present papers, respondent again would prevail in the opinion of this court. In fairness to petitioner and in light of the resolve of the parties on argument to confine this action solely to an article 78 review, the order of this court shall be without prejudice to petitioner instituting whatever further actions it may have and introducing whatever additional proof is available to it.