Jacob Ark, J.
These are two article 78 proceedings arising out of the denial of assistance to Louis Stade (herein applicant) by the Monroe County Department of Social Services (herein agency). He commenced a proceeding against the agency and the agency in turn commenced a proceeding against him and the New York State Department of Social Services and George *1095 K. Wyman, as Commissioner of that department (herein Commissioner).
The applicant appealed to the Commissioner for a fair hearing (Social .Services Law, § 353, suhd. 2; 18 NYCRR 84.3) who reversed the determination of the agency and remanded the case to it “ to reconsider the eligibility of the applicant and to take appropriate action thereon ’ ’.
The applicant in the proceeding instituted by him seeks an order to compel the agency to comply with the fair hearing determination, and the agency in its proceeding seeks an order to annul the Commissioner’s determination and the dismissal of the applicant’s petition in his proceeding, on the ground that he is not a proper party to enforce compliance with a fair hearing decision. The applicant also urges that the agency’s petition in its proceeding be dismissed as it has no standing to maintain its proceeding against the Commissioner— a position that is not shared by the latter.
The applicant, a married man living with his pregnant wife and child, was paying the sum of $34 a week to the Family Court of the State of New York for the County of Monroe, pursuant to its order, for the support of his dependents of a former marriage. In computing his income and ascertaining his eligibility as a recipient for welfare, the agency did not consider this support order as unavailable income, with the result that his income exceeded his budgetary requirements under the existing rules and regulations which made him ineligible for public assistance.
The Commissioner decided that the agency should have included in the deductions from his gross income, in ascertaining available income, the court ordered support payments in computing the applicant’s net income, in accordance with subdivision (b) (4) of 18 NYCRR 352.17 which provides as follows: ‘ ‘ When wages are garnisheed, property income assigned, bank accounts attached, or other cash income is unavailable to the applicant or recipient, such income shall not be applied against need until and unless the agency can secure a release from such restriction ”. The Commissioner held: “ Unless the agency can secure such release by appropriate action provided for in Section 137-a of the Social Services Law, such income remains unavailable.”
Section 137-a of the Social Services Law provides that the compensation of a recipient of public assistance shall be exempt from assignment, income execution or installment payment order, or to those who would need public assistance without *1096 such exemptions. The intent of the Legislature in enacting this statute was to subordinate the rights of a creditor to the end that public assistance might benefit by keeping the earnings of recipients at a maximum.
Subdivision (b) (4) of 18 NYCRR 352.17 is a rule by which the income of an applicant or recipient of public assistance is determined in applying such income against need. It recognizes the unavailability of garnisheed wages, property income assigned, bank accounts attached or other cash income that is unavailable to the applicant or recipient.
The primary issue before this court is whether support payments ordered by the Family Court and made directly to that court are unavailable income within the cited rule which has the force of law (Social Services Law, § 18, subd. 2) and is not under attack in these proceedings.
The only manner in which the money now being paid by the applicant to Family Court could be made available to him is by disregarding the order of that court. The substance of the agency’s argument is that it be disobeyed, or that the applicant and his family live below the established standard of need in violation of sections 131 and 131-a of the Social Services Law. As an alternative, the vacating of the order would make this money available to him or its modification might make him ineligible for public assistance.
In Lascaris v. Wyman (38 A D 2d 163), the court held that a striking union member’s refusal to work for his employer during the strike did not constitute a refusal to accept employment as envisioned by subdivision 4 of section 131 of the Social Services Law. His failure to obey strike orders would subject him to union sanctions. The applicant’s failure to obey a Family Court support order could result in his commitment to jail (Family Ct. Act, § 454).
It would seem that if sanctions by a union against a member with relation to his employability are a factor in connection with an application for public assistance, there can be no question that payments made by this applicant under a Family Court support order constitute unavailable income under subdivision (b) (4) of 18 NYCRR 352.17.
The agency urges that its recognition of the court ordered support payments as unavailable income under the cited rule would place an unreasonable burden upon it, as his failure to make these payments would require that it make weekly re-examinations and recertifications to make sure that the applicant is regularly making his support payments.
*1097 No one can gainsay the fact that the problems encountered in administering the Social Services Law on a metropolitan county level are many and varied. It would appear that compliance with the Commissioner’s ruling should not be too onerous as support payments are regularly made and a liaison should exist between a Family Court and a Department of Social Services of the same county. In any event, a rule that has the force of law must prevail over a problem of administration. The agency’s allegátions that the witnesses at the fair hearing were not sworn is without merit. No objection was made at that time to the failure to administer oaths to the witnesses and there is no dispute concerning the facts in these proceedings.
The applicant urges that the agency has no standing to bring an article 78 proceeding against the Commissioner, who does not concur with that contention. The agency maintains that the applicant is not a proper party to seek enforcement of the Commissioner’s ruling. The court need not reach these arguments, as the agency in its proceeding named the Commissioner and the applicant as respondents, and the judgment in that proceeding may determine the rights of all the interested parties without the necessity of making a determination in the proceeding commenced by the applicant against the agency, which is hereby dismissed, without prejudice.
The direction by the Commissioner to the agency was that it reconsider the eligibility of the applicant and take appropriate action thereon. Upon the papers before the court it is undisputed that the applicant was eligible for public assistance if the Commissioner’s determination is confirmed. The court does confirm that determination. The only action that the agency can take is to consider the applicant eligible for public assistance as of the time that he was entitled to it, and it is directed to do so. Any change in the applicant’s circumstances since then, however, would require suitable action by the agency.