Joseph P. Molihaei, J.
An article 78 proceeding has been instituted in this court to have a fair hearing decision reviewed, annulled and reversed .on the grounds that it was arbitrary, capricious and contrary to the law to have the petitioner’s March, 1973 discontinuance of “ R’s ’’ public assistance affirmed, and to have the respondent, Commissioner of the New York State Department of Social Services directed to affirm the petitioner’s discontinuance of “ R’s ” public assistance.
The respondent, a piarried woman of 25 years of age, referred to as “ R ”, her boyfriend and a child born to her in 1968, whose paternity has not been established, live together in an apartment in Broome County. It appears that her boyfriend referred to herein is self-supporting and that the respondent has refused to submit any information concerning her boyfriend’s wages to the Broome County Social Services Department at the time she applied for recertification of her public assistance case. The respondent has been receiving public assistance under the program known as Aid to Dependent Children, as she had a young child living with her.
The petitioner agency contends that the information required from the respondent concerning her boyfriend’s income was necessary to determine the amount of the public assistance grant to which she was entitled claiming that the grant would be equal to the difference between the needs of her household, and the income of that household, which .of course would include the income of her boyfriend. The county agency not having such information would thereby be unable to determine whether the household in question needed any public assistance or in the event it needed the same, the amount needed. Therefore, the agency served the respondent on March 14,-1973 with a written notice of1 intent to discontinue public assistance to her. The same was to become effective March '31,1973 on the grounds *753 that the respondent had not complied with the information sought by the county agency.
At the request of the respondent, a fair hearing was conducted by the New York-State Social Services Department pursuant to the Social Services Law, which hearing was held on April 11, 1973 and a decision was rendered by .such agency on May 10, 1973 determining that “ R’s ” discontinuance could not be and was not affirmed, and further directing the petitioner not to include the needs or income of the boyfriend in the public assistance case.
The matter to be determined by the court is not one of a moral issue, but rather one of responsibility under the existing laws.
The petitioner on the one hand contends that the laws of New York State apply and therefore the income of the boyfriend should be taken into .consideration in making any determination of public assistance to the respondent “ R ”, whereas the Commissioner of the New York State Department of Social Services maintains that under the Federal law such income is not considered, and therefore Federal law would supersede the State law in this regard (see King v. Smith, 392 U. S. 309) and further asserts that as a part of a single State agency, the petitioner, the county commissioner, may not sue his own superior.
It would appear that the county commissioner .acts as the agent of the State commissioner in all matters of assistance and care administered by local .officials. (Social .Services Law, § 65, subd. 3.)
It would also appear that subdivision 2 of section 353 of the Social Services Law of the ¡State of New York would apply to the instant case. A pertinent portion of said section reads as follows: “ The department may also, on its own motion, review any decision made, or any case in ¡which a decision has not been made, :by the proper public welfare official. The'department may make such additional investigation as it may deem necessary and shall make such decision as to the granting of aid or the amount and nature of aid to be granted as in its opinion is justified and in conformity with the provisions of this title. All such decisions of the department shall be binding upon the public welfare official involved and shall be complied with by him.” (Emphasis supplied.)
Therefore the court has reached the same conclusion as propounded by the respondents namely that the Broome County Commissioner of Social Services, as a subordinate officer in an *754 administrative agency, may not properly seek judicial review of Ms immediate supervisor’s decision.
Therefore, the petition herein is dismissed, and an order may be submitted accordingly.