Lyman H. Smith, J.
Petitioner Reed, Director of the Monroe County Department of Social Services (herein agency), brings this special proceeding, pursuant to article 78 of the CPLR, seeking to have this court reverse and set aside a decision of respondent Lavine, Commissioner of the New York State Department of Social Services (herein Commissioner).
The Commissioner’s decision was rendered (Nov. 20, 1973) as a result of a fair hearing held pursuant to the request of respondent Bonfiglio (herein applicant ) following the agency’s determination that applicant Bonfiglio was ineligible to receive aid to the disabled (Social Welfare Law, now known as the Social Services Law, §§ 300-309). Commissioner Lavine’s decision concluded that petitioner Reed had erred in denying assistance to applicant Bonfiglio and directed that such assistance be furnished “ retroactive from the date of application”.
By letter (dated Dec. 5, 1973) petitioner Reed notified Commissioner Lavine of his intention to seek judicial review of Lavine’s fair hearing decision, rather than comply with its terms. This prompted applicant Bonfiglio to institute his own separate article 78 “ mandamus ’ ’ proceeding in which he sought an order directing petitioner Reed to comply with respondent Lavine’s decision and provide him with assistance.
The relief sought by applicant Bonfiglio was granted by Special Term (Joseph G. Fritsch, J.) by order dated January 8, 1974, subject to a “ stay of enforcement ”, pending disposition of the instant article 78 proceeding brought by petitioner.
Applicant Bonfiglio (also a named respondent in this proceeding) now seeks, pursuant to CPLR 7804 (subd. [f]), an order dismissing, as a matter of law, petitioner Reed’s article 78 proceeding. As the basis for his motion, applicant Bonfiglio contends that directors of county social services departments have no authority to institute “ certiorari ” review (so-called) under article 78 of adverse fair hearing decisions rendered by the Commissioner of the State Department of Social Services.
Thus, the paramount issue is brought into focus. The question is not whether (as petitioner Reed urges in his petition) the Commissioner’s fair hearing decision was arbitrary, capricious or erroneous as a matter of law and to a degree that would constitute an abuse of discretion (CPLR 7803, subd. 3); rather, the question simply is: “ May the director of a local welfare agency obtain judicial review (via article 78 of the CPLR) of an adverse fair hearing decision of the State Welfare Commissioner? ”
This question must be answered in the negative. While it is a basic tenet of our judicial system that aggrieved individuals *268 cannot be made to suffer arbitrary administrative. decisions without the opportunity to test such arbitrariness in a judicial forum, there are overriding statutory provisions, as well as vital policy considerations, which dictate that local welfare agencies be precluded from initiating article 78 reviews challenging the fair hearing decisions rendered by the Commissioner, their statutory superior.
For example, there is little dispute among the parties herein that fair hearing decisions issued by the State Commissioner of Social Services are “ binding ” on local welfare agencies. (See Social Services Law, § 166; § 213, subd. 3; § 304, subd. 5; § 353, subd. 2; § 366-a, subd. 5 and § 400, subd. 2.)
That conclusion is clear from a reading of the applicable statute in this case, subdivision 5s of section 304 of the Social Services Law, pertaining to the aid to the disabled program, which provides: ‘ ‘ The department [New York State Department of Social Services] may make such additional investigation as it may deem necessary, and shall make such decision as to the granting of aid and the amount and nature of aid to be granted the applicant as in its opinion is justified and in conformity with the provisions of this title. All decisions of the department shall be binding upon the public welfare districts involved and shall be complied with by the public welfare officials thereof.,f (Emphasis supplied.) (See Matter of Ferry v. Boniface, 43 A D 2d 758 and Matter of Aroune v. Sipprell, 36 A D 2d 888, affd. 33 N Y 2d 844.)
In passing it may be noted that the history of these statutory sections (listed above) seems to emphasize that the Legislature had concluded that judicial review was not available to local agencies. Beyond the plain language of these statutory provisions, which establish the ‘ ‘ binding ’ ’ effect of the Commissioner’s decisions “ upon the public welfare districts involved,” the 1971-72 Legislature, in its passage of Assembly Bill No. 5948, entitled, “An Act To Amend The Social Services Law In Relation To Judicial Review Of Fair Hearing Decisions ”, would have specifically provided for such judicial review by adding at the foot of each of the statutory sections these words: ‘ ‘ however article seventy-eight of the civil practice law and rules shall apply.”
•Thus, the conclusion is inescapable that absent the insertion, of such language, judicial review under article 78 is not now otherwise available to local agencies. In any event, the Governor vetoed the proposed amendment, noting in his memorandum that such veto had the support of the Commissioner and the *269 State Department of Social Welfare, leaving the statute barren of any provision for judicial review by the local agencies.
Similarly, identical conclusions have been reached in at least three lower court decisions, in our State (Matter of Barbaro v. Wyman, N. Y. L. J., Feb. 28, 1968, p. 22, col. 8 [Sup. Ct., Nassau County]; City of New York v. Wyman, N. Y. L. J., Oct. 13, 1971, p. 2, col. 5 [Sup. Ct., New York County]; and Matter of Smythe v. Lavine, 76 Misc 2d 751), one of which (Barbaro) was affirmed without opinion by the Second Department (32 A D 2d 647). In City of New York (supra), with reference to the language of subdivision 5 of section 366-a of the Social Services Law (concerning Medicaid), Special Term concluded, “ There is no provision in the statute which permits the local districts to judicially challenge an appellate decision of a higher administrative body, to wit: the State Department of Social Services.”
Other than the afore-mentioned unreported decisions, this court is aware of no judicial decisions at any level treating the narrow issue of the initial availability of judicial review to a local agency as presented in the instant case.[1]
Petitioner in his moving papers urges this court to follow the direction laid down in Matter of Board of Educ. of City of N. Y. v. Allen (6 N Y 2d 127) in support of his plea for the availability of judicial review. He contends that, despite the statutory proscription (Social Services Law, § 304, subd. 5), the agency is entitled to judicial review solely by virtue of the court’s inherent power to determine arbitrariness.
In so doing, petitioner equates the power of the courts to review arbitrary and capricious decisions with a right in a local agency to challenge its superior’s decision. While Allen focused on the residue of power left with the judiciary in the aftermath of the restrictive statute (Education Law, § 310), it did not otherwise confer jurisdictional accessibility to moving parties where none had previously existed. As such, Allen is not dispositive of the problem here.
It must be borne in mind that Allen’s confirmation of the power of the courts to review alleged arbitrary and capricious determinations (despite statutory prohibitions to the contrary) has been almost totally confined to situations involving the Commissioner of Education.
*270 Significantly, in those few cases where the courts have seen fit to cite the Allen rule outside the confines of the educational field, they have done so primarily to recognize the inherent power of the judiciary to review alleged arbitrary decisions, and then, only when initiated by aggrieved individuals.[2]
Petitioner’s contentions are inappropriate to the issue at hand and must, therefore, be rejected. Such rejection disturbs neither Allen nor its progeny.
The resolution of the issue herein is confined to the standing of the local agency to challenge fair hearing decisions only. There is no intention in this decision to affect or limit in any way the many avenues open to local agencies to otherwise substantively challenge the regulations and rulings of the Commissioner. (E.g., see, Matter of Lascaris, 65 Misc 2d 787; Lascaris v. New York State Dept. of Social Servs., 67 Misc 2d 17; and Lascaris v. Wyman, 38 A D 2d 163, affd. 31 N Y 2d 386.)
The conclusion that the local agencies do not have standing to challenge fair hearing decisions rests not only upon the statutory proscriptions (Social Services Law, § 304, subd. 5) and the implications flowing therefrom, but reflects the unique and pervasive structure of the welfare program as it now éxists in our State.
It must be recognized that, in accordance with “ uniformity ” requirements found in the Federal Social Security Act. (U. S. Code, tit. 42, § 1382), and pursuant to the New York State Social Services Law, the local county welfare agency and the State Department of Social Services are part of the same administrative agency, whose chief administrative officer is the respondent Commissioner. (Social Services Law, §§ 20, 34.) From any view, the conglomerate Federal and State statutes (dealing with the administration of public welfare) conceptually provide for a “ single State agency ” in which the local agency and its director act as the agent of the State Department in all matters relating to assistance and care administered by local officials. (Social Services Law, § 65, subd. 3.)
*271 The welfare application and appeal process is an intra-agency process that moves from initial intake to final determination by the State Commissioner pursuant to unified and proscribed procedures fixed by a Federal and State statutory scheme — augmented by the regulations promulgated thereunder by the State Commissioner as head of the State Department of Social Services. Within this intra-agency structure, noncompliance with the State Commissioner’s adverse fair hearing decisions does not raise the local welfare official to the status of an aggrieved party sufficient to permit access to the courts. To hold otherwise would thrust the courts into a morass of administrative decision-making. As succinctly stated by Mr. Justice Molinari in Matter of Smythe v. Lavine (76 Misc 2d 751, 753-754, supra) “ the Broome County Commissioner of Social Services, as a subordinate officer in an administrative agency, may not properly seek judicial review of his immediate supervisor’s decision.”
In sum, this court is satisfied that the statutory scheme for the administration of public welfare in our State, together with an overriding public policy, dictates that the local agency may not now initiate a challenge to the fair hearing decision of the State Commissioner. Accordingly, petitioner’s article 78 application is hereby dismissed.
The order of Special Term, rendered pursuant to applicant Bonfiglio’s article 78 proceeding (directing petitioner to comply with respondent Lavine’s fair hearing decision) shall be effective immediately. The ‘ ‘ stay of enforcement ’ ’ thereunder is hereby nullified and canceled.
Nothing herein should be construed to deny a local agency the right to raise questions of arbitrariness in any proceeding commenced by a welfare applicant seeking compliance with a fair hearing decision rendered by the State Commissioner.

. The opinions rendered in Matter of Owen v. Wyman (36 A D 2d 547); Matter of Schreck v. Wyman (39 A D 2d 809); and Matter of Russo v. New York State Social Servs. Dept. (68 Misc 2d 1094) cited in petitioner’s memorandum of law, do not specifically treat the issue presented here and, therefore, may not be construed as controlling.

. Some courts have applied the Allen rationale to controversies involving public employment, extending judicial review to aggrieved public employees, despite the provisions of section 76 of the Civil Service Law precluding access to the courts in seeking review of rulings of the State Civil Service Commission. (See Matter of Trotman v. Hoberman, 56 Misc 2d 915; and Matter of Santella v. Hoberman, 29 A D 2d 655.) None of these cases have granted initial judicial review to a subordinate public agency, employer or oficial, only to aggrieved public employees.