OPINION OF THE COURT
Charles J. Beckinella, J.
This article 78 proceeding was commenced after the following sequence of events.
Until about May 20, 1975, the New York City Department *668 of Social Services paid Isabel Sanchez Benitez for the services she rendered to petitioner as a "home health aide.” It is stated in the amended petition that petitioner requires a "home health aide” to dress and bathe her, to administer medicine to her, to take her to the toilet, to cook, shop, and clean for her and to take her to the hospital for repeated check-ups.
Isabel Sanchez Benitez is petitioner’s daughter-in-law, she being married to petitioner’s son, Bryant Benitez.
On or about May 7, 1975, the New York City Department of Social Services sent a notice to petitioner stating that it intended to discontinue payment to Isabel Sanchez Benitez for her services to petitioner as a "home health aide” because Isabel Sanchez Benitez was petitioner’s daughter-in-law. Those payments were terminated on or about May 20, 1975. When her compensation was terminated, Mrs. Benitez was being paid $192.50 a week.
It appears that petitioner’s daughter-in-law was paid for the services she rendered petitioner beginning sometime in 1970. The fact that the services were rendered by a daughter-in-law was of no significance until June 11, 1973, the effective date of an amendment to section 365-a (subd 2, par [d]) of the Social Services Law. On that date section 365-a (subd 2, par [d]) was amended to read: "(d) home health care services, including home nursing services and services of home aids and homemaker or housekeeping services in the recipient’s home, if rendered by an individual other than a member of the family who is qualified to provide such services, where the services are prescribed by a physician in accordance with a plan of treatment and are supervised by a registered nurse”.
After being notified that payments to her daughter-in-law were to cease, petitioner requested an administrative hearing, contending that the termination of the payments by the New York City Department of Social Services was wrong.
Thereafter a fair hearing was held before a hearing officer designated by the Commissioner of the New York State Department of Social Services. After the fair hearing, the commissioner issued a decision, dated August 20, 1975, holding, inter alia, "There is no provision in the Social Services Law nor in the Regulations which disqualifies a relative or in-law or other recipient from performing the duties of a housekeeper under the circumstances of this case * * * The agency [meaning the New York City Department of Social Services] is directed to restore the approved housekeeping services to the *669 Appellant” and "is directed to take appropriate action in accordance with the foregoing decision pursuant to the provisions of Section 358.22 of the Regulations of the State Department of Social Services.” Parenthetically it is observed that the "Decision After Fair Hearing” made no mention at all of section 365-a (subd 2, par [d]) of the Social Services Law nor did it mention 18 NYCRR 505.14 (g) (1) which provides:
"(g) Payment. (1) Payment for home health aide or personal care services shall not be made to a patient’s spouse, parent, son, son-in-law, daughter or daughter-in-law, but may be made to another relative if that other relative:
"(i) is not residing in the patient’s home, or "(ii) is residing in the patient’s home because the amount of care required by the patient makes his presence necessary.” The New York City Department of Social Services did nothing to implement the "Decision After Fair Hearing” dated August 20, 1975. The amended petition states that petitioner’s son and petitioner’s attorney both requested the New York City Department of Social Services to comply with the "Decision After Fair Hearing” dated August 20, 1975. Nonetheless, it is manifest that that agency never complied with the decision dated August 20, 1975.
This article 78 proceeding was commenced on March 4, 1976 and adjourned.
On May 3, 1976, petitioner’s attorney received a "notice of fair hearing” from the New York State Department of Social Services. Thereafter on May 12 and May 20, 1976, a fair hearing was held before a hearing officer designated by the Commissioner of the New York State Department of Social Services. On June 10, 1976, the Acting Commissioner of the New York State Department of Social Services made a "Decision After Fair Hearing”. In that June 10, 1976 decision it was stated, inter alia: (1) that a fair hearing was held on June 4, 1975 and a decision after fair hearing issued thereon on August 20, 1975; (2) "On May 4, 1976, the matter was reopened and rescheduled to secure additional information and clarification of the services rendered to appellant.”
This decision after fair hearing dated June 10, 1976 then relates that appellant [petitioner] has been receiving home health care services from the agency for more than five years. These services were performed by a person designated as a home attendant. That appellant (petitioner) lives with her son; *670 in April, 1975 a home visit was made to appellant (petitioner) and it was learned that the home attendant had married appellant’s son. That the agency determined that it could not pay petitioner’s daughter-in-law for the services she provided because the agency was prohibited from making payment to a provider who is a patient’s spouse, parent, son, son-in-law, daughter or daughter-in-law. The agency discontinued payment to petitioner’s daughter-in-law and "instructed petitioner to secure the services of a provider who did not fall within the constraints set out above.”
"(7) Appellant [Petitioner] and her son refused to have any other person provide services to her. The agency was and continues to be willing to pay a proper provider of services.”
"(9) Appellant’s son, on the advice of his attorney, refused to answer any questions put to him by the hearing officer on the length of his marriage to his present wife, the living arrangements of his mother, whether his wife was providing services to appellant [petitioner], what services were provided and, specifically, what did appellant’s daughter-in-law do for the appellant.”
The decision after fair hearing dated June 10, 1976 also contained this paragraph:
"The record clearly discloses that the agency had been correctly providing services to appellant as required by her. The record further discloses that when the agency ascertained that the provider had married appellant’s son it correctly determined that it could no longer pay the daughter-in-law to provide these services to appellant and so informed the appellant. This is in accord with Section 505.14 (g)(1) of the Regulations of the State Department of Social Services which provides that payment for personal care services shall not be made to a patient’s spouse, parent, son, son-in-law, daughter or daughter-in-law. The agency further informed the appellant that it was willing to pay a provider of services and informed the appellant that it would leave the choice of such provider to her with the understanding that it could not be a constrained relative. Appellant refused to accept the offer made by the agency.”
The decision also contained this sentence, "It is clear therefore, that the agency acted properly and correctly herein And (sic) that its discontinuance of payment for services provided by appellant’s daughter-in-law must be affirmed.”
*671 The decision was "The determination of the agency is affirmed.”
In her amended petition petitioner seeks a judgment, (1) permitting her to proceed as a poor person; (2) ordering the Commissioner of the New York City Department of Social Services to comply with the decision after fair hearing issued on August 20, 1975; (3) reversing and annulling the decision after fair hearing issued on June 10, 1976 by the Acting Commissioner of Social Services of the State of New York.
The amended petition is granted to the following extent: (1) petitioner has permission to proceed as a poor person; (2) the Commissioner of the Department of Social Services of the city shall comply with the decision after fair hearing dated August 20, 1975 to the extent that petitioner’s daughter-in-law shall be paid for her services up to and including June 10, 1976, the date of the second decision after fair hearing in this controversy. The respondents need not pay her for any services rendered after June 10, 1976.
The court has reached the above determination respecting the dates petitioner’s daughter-in-law is to be paid for the following reasons:
It is clear that the New York City Department of Social Services was required to comply with the decision after fair hearing of the Commissioner of the New York State Department of Social Services dated August 20, 1975. The New York City agency does not have the right to appeal from a decision of the State agency. (See the thorough opinion of Justice Lyman H. Smith in Matter of Reed v New York State Dept. of Social Servs., 78 Misc 2d 266, 268-269.) That being so the New York City agency was bound to give effect to the decision after fair hearing dated August 20, 1975 even though that decision was palpably wrong. The person making the decision ignored section 305-a (subd 2, par [d]) of the Social Services Law and a regulation of the New York State Department of Social Services, namely, 18 NYCRR 505.14 (g) (1) which is set forth above.
The fact that the New York City agency is required to give effect to an erroneous decision of the New York State agency should not result in those two agencies being locked forever into making payments that are obviously contrary to the stated policy of the State of New York as expressed in section 365-a (subd 2, par [d]) of the Social Services Law, and in 18 NYCRR 505.14 (g) (1). Accordingly the court construes subdivi *672 sions 5 and 6 of section 366-a of the Social Services Law as giving the New York State Department of Social Services, the right, on its own motion, to conduct another fair hearing when it is of the opinion that another fair hearing is warranted.
Subdivision 5 of section 366-a provides: "5. The department may make such additional investigation as it may deem necessary, and shall make such decision as to the furnishing of assistance and the amount thereof as in its opinion is justified and is in conformity with the provisions of this title. All decisions of the department shall be binding upon the public welfare districts involved and shall be complied with by the public welfare officials thereof.”
Subdivision 6 of section 366-a provides: "6. All continuing assistance under this title shall be reconsidered from time to time, or as frequently as may be required by the regulations of the department. After such further investigation as the social services official may deem necessary or the department may require, the assistance may be modified or withdrawn if it is found that the recipient’s circumstances have changed sufficiently to warrant such action. The assistance may be cancelled for cause, and payment thereof may be suspended for cause for such periods as may be deemed necessary, subject to review by the department as provided in subdivisions four and five.”
In his decision after fair hearing dated June 10, 1976, the Acting Commissioner of the New York State Department of Social Services stated, "It is clear, therefore, that the agency acted properly and correctly herein And [sic] that its discontinuance of payment of services provided by appellant’s daughter-in-law must be affirmed.” The court finds nothing unconstitutional, illegal, arbitrary or capricious about the decision after fair hearing dated June 10, 1976 and finds that decision supported by the admitted circumstance that the person caring for petitioner is petitioner’s daughter-in-law.
The result reached in this proceeding supports the wisdom of giving a local agency the right to institute an article 78 proceeding when it is convinced that a decision after fair hearing made by the State agency is erroneous. It appears that the Legislature passed legislation giving local agencies the right to institute an article 78 proceeding in such circumstances but the legislation was vetoed at the request of the *673 State Department. (See Matter of Reed v New York State Dept. of Social Servs., 78 Misc 2d 266, 268-269, supra.)
In conclusion, the court has considered and rejected the contention that the New York City Department of Social Services has the right, in opposing an article 78 proceeding, to contend that the State Department’s decision after fair hearing was arbitrary. If a local agency were to be accorded this right, it would enable the local agency to circumvent the policy of the State of New York which denies to a local agency the right to judicial review via an article 78 proceeding.