Thomas Aloi, J.
Petitioner, Town of Marshall ("Town”), has brought a proceeding pursuant to CPLR article 78 to annul the decision of the New York State Department of Social Services ("State”) and the Oneida County Department of Social Services ("County”) compelling the Town to issue home relief assistance to an applicant and directing the Town to reimburse respondent County for grants the County made to the applicant. The Town argues that the County lacked jurisdiction to act, that the decision of the State was incorrect as a matter of law, that the State’s decision was arbitrary and capricious, that its decision was not supported by substantial evidence.
The facts are as follows: an application was made on the applicant’s behalf for home relief pursuant to title 3 of article 5 of the Social Services Law. After the Town denied the applicant’s request for home relief on January 5, 1976, the County appealed the Town’s determination of ineligibility to the State.
The County provided assistance to the applicant pending the appeal. A hearing was held on May 27, 1976, pursuant to section 74-h of the Social Services Law during which the Town and the County presented evidence and witnesses to the State for its review. By a decision dated June 17, 1976, the State affirmed the determination of the County and directed the Town to grant assistance to the applicant.
The court must now determine whether the action of the State Department of Social Services may be reviewed in an article 78 proceeding.
Section 74-h of the Social Services Law provides:
"1. (a) A public welfare official responsible in an individual *388 case for either the authorization of assistance or the investigation of the application for assistance and the making of a recommendation relative to such application shall have the right to appeal to the department from a decision made in such case by another public welfare official.
"(b) A city or town service officer shall likewise have the right to appeal to the department from any decision made by any public welfare official in any case in which an application for assistance and care is made by or a grant of assistance is made to any person residing or found within such city or town, as the case may be.
"(c) Upon receiving such an appeal, the department shall issue a written determination which shall be binding on all the public welfare officials and service officers involved in such appeal.
"2. The department on its own motion may review any case for the purpose of determining whether assistance and care has been adequately or properly provided. After making such a review, the department may issue such written determination as it may deem proper, and such determination shall be binding on all the public welfare officials and service officers concerned.”
In discussing the availability of judicial review under the Social Services Law, the court in Matter of Board of Supervisors of County of Seneca v State Dept. of Social Serv. (58 Misc 2d 45, 47) stated: "Further, the statutory pattern of specifically providing for judicial review in some instances and expressly stating that board or department rulings shall be final in other instances suggests a clear statutory delineation of the instances when the department or board is acting legislatively or administratively as the case may be. Thus, for example, section 74-h and subdivision 7 of section 139-a, dealing respectively with the denial of an application for public assistance and the integration of local welfare administration, provide for department review as the exclusive appellate remedy and are silent as to judicial review. On the other hand, subdivision 1 of section 119 and subdivision 3 of section 385, applicable to proceedings to fix local liability for hospital or institutional care and aid to destitute or dependent children, provide for departmental review but also expressly reserve the right to judicial review. In our situation, nothing in the Social Services Law reserves the right to judicial review to one in petitioner’s position.”
*389 The Town in its initial memorandum affidavit argues that "an appeal by a Social Services Official does not include such a statement of a right to a fair hearing.” The Town appears to be dissatisfied because the appeal procedure utilized by the State perhaps gave the Town, the County and the applicant greater rights than the statute may dictate.
The State properly complied with the appeal procedures outlined in section 74-h of the Social Services Law. The State’s use of the fair hearing structure to implement its appeal procedure in no way violates any statute or the rights of any party. Section 74-h clearly states that the written determination issued after such an appeal is binding on all the public welfare officials and service officers involved. Therefore, judicial review under article 78 is not available here to the Town.
Judicial review would likewise be unavailable to the Town had the applicant himself requested a fair hearing. In Matter of Reed v New York State Dept. of Social Serv. (78 Misc 2d 266), the State granted assistance to the applicant after the applicant requested a fair hearing following the agency’s (town or county) determination that the applicant was ineligible to receive aid to the disabled.
The court stated (pp 267-268): " 'May the director of a local welfare agency obtain judicial review (via article 78 of the CPLR) of an adverse fair hearing decision of the State Welfare Commissioner?’ This question must be answered in the negative. While it is a basic tenet of our judicial system that aggrieved individuals cannot be made to suffer arbitrary administrative decisions without the opportunity to test such arbitrariness in a judicial forum, there are overriding statutory provisions, as well as vital policy considerations, which dictate that local welfare agencies be precluded from initiating article 78 reviews challenging the fair hearing decisions rendered by the Commissioner, their statutory superior.”
The Social Services Law establishes that a town service officer is subordinate to the State Commissioner of Social Services (see arts 1, 2 of Social Services Law), and thus policy similar to that articulated in Matter of Board of Supervisors of County of Seneca v State Dept. of Social Serv. (58 Misc 2d 45, supra) dictates that a town service officer should not be afforded judicial review of the State’s decision in this situation. Therefore, the Town’s petition for review under CPLR article 78 is dismissed.
However, it should be noted that section 158 of the Social *390 Services Law, effective May 15, 1976, provided that an applicant is ineligible for home relief until a proceeding has been brought by or on behalf of the applicant to compel the legally responsible relative to contribute to the applicant’s support and until an order of disposition has been entered in such Family Court proceeding.
According to the Town’s affidavits, Family Court Judge John P. Balio dismissed the petition brought under section 158 of the Social Services Law on behalf of the applicant by a decision dated June 8, 1976. The Town alleges that Judge Balio determined that the applicant’s parents need not support their child while he remained away from the parental home. Therefore, it appears that the applicant is entitled to home relief under section 158 of the Social Services Law. Since the Town has raised issues concerning the residence of the applicant and his parents, it is suggested that the County review its decision as to the appropriateness of continuing home relief and the proper municipality to be charged for any payments to the applicant in light of the Family Court decision.