Edward F. McLaughlin, J.
Petitioner has moved at Special Term pursuant to CPLR article 78 for a judicial review of an order issued by respondent after a fair hearing on the grounds that the said order and decision were arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence and involved errors of law, seeking that the said order and decision be reversed and annulled and that petitioner’s denial for public assistance to the applicant, Tammy Cody, be affirmed.
Tammy J. Cody, age 16, applied for public assistance on December 13, 1976. She had resided from the time of her birth with her natural mother, Virginia Cody, and her adoptive father, Chester Cody, until September 9, 1976, at which time she left the home of her parents to live with her grandparents, Daniel Stone and Lillian Stone. She petitioned the Oswego County Family Court for support from her father as an available source. On December 9, 1976, the petition was heard in Oswego County Family Court. The petition was dismissed by Hon. Donald K. Comstock, Family Court Judge of Oswego County, in an order dated December 9, 1976, and the infant, Tammy J. Cody, was told to return to the home of her parents, who were willing to support her. Based on this, the Oswego County Department of Social Services denied assistance to Tammy J. Cody on the grounds that she failed to take advantage of an available source of support as required by departmental regulations and applicable law in that she wholly failed and refused to return home to live with her parents.
A fair hearing was held at Mexico, New York, on January 24, 1977 before Vincent Vetter, Esq., a hearing officer, in which the parties were represented. On March 3, 1977, the New York State Department of Social Services rendered its decision reversing the Oswego County Department of Social Services and granting social service benefits to the applicant, Tammy J. Cody.
Petitioner contends that respondent’s decision, in effect, overrules the decision of the Oswego County Family Court, which decision it is claimed is res judicata. This is in addition to petitioner’s contention that the decision of respondent after the fair hearing was arbitrary, capricious, an abuse of discre *873 tion, unsupported by substantial evidence, containing errors of law.
The respondent, in a separate motion, moves to dismiss the petition on the grounds that the petitioner has no standing to bring this proceeding to judicially challenge the fair hearing decision rendered by the respondent, New York State Department of Social Services.
Section 20 of the Social Services Law (subd 3, par [a]) mandates the State Commissioner to supervise local social services departments and in exercising such supervision within the department shall approve or disapprove rules, regulations and procedures made by local social services officials. Paragraph (f) of the same subdivision authorizes the State Commissioner of Social Services to review on its own motion for the purpose of determining whether assistance and care have been adequately or properly provided by any decision made by the local official in relation to any application for, or grant of, public assistance or care, to make and issue such decision with relation thereto as in its judgment is justified, and such decision shall be binding on all local officials or others concerned in this matter.
Subdivision 3 of section 65 of the Social Services Law states that the county commissioner shall act as the agent of the department in all matters relating to assistance and care administered or authorized by the town public welfare officers.
Subdivision 2 of section 353 of the Social Services Law provides "Where an application for aid to a dependent child under the age of twenty-one years is not acted upon by the social services official within thirty days after the filing of the application or has been denied or an allowance has been decreased or revoked or the grant is deemed inadequate by the applicant, the latter may appeal to the department which, upon receipt of the appeal, shall review the case and shall give the applicant making the appeal an opportunity for a fair hearing thereon. The department may also, on its own motion, review any decision made, or any case in which a decision has not been made, by the proper social services official. The department may make such additional investigation as it may deem necessary and shall make such decision as to the granting of aid or the amount and nature of aid to be granted as in its opinion is justified and in conformity with the provisions of this title. All such decisions of the department shall be bind *874 ing upon the social services official involved and shall be complied with by him.” (Emphasis added.)
To the same effect is a regulation of the New York State Department of Social Services (18 NYCRR 358.18), which, in substance, states the decision shall be binding upon the social services official.
In.the unreported decision of Hon. Ellis J. Staley, Jr., Clemente v Berger (Sup Ct, Albany County, July 1, 1976), it is stated: "In accordance with the uniformity requirements of the Federal Social Security Act (U.S. Code, tit. 42, § 1382), and pursuant to the Social Services Law, the New York State Department of Social Services and the Albany County Department of Social Services are part of the same administrative agency with the Commissioner of the New York State Department of Social Services as its chief administrative officer. (Social Services Law, §§ 20, 34, 65; Matter of Reed v. New York State Dept. of Soc. Serv., 78 Misc 2d 266; Matter of Smythe v. Lavine, 76 Misc 2d 751.”
Both by the statutory provisions of the Social Services Law of the State of New York and the case law, the commissioner of a local social services department is the agent of the State Department of Social Services and as such is bound by the unambiguous fair hearing decisions of the State Commissioner. (Matter of Samuels v Berger, 55 AD2d 913, 914; Matter of Reed v New York State Dept. of Social Servs., 78 Misc 2d 266; Matter of Barbaro v Wyman, 32 AD2d 647; Matter of Smythe v Lavine, 76 Misc 2d 751.)
As a matter of law, the petitioner has no status as an aggrieved party to challenge the decision of the respondent, State Commissioner under this CPLR article 78 proceeding, inasmuch as he is under the law an agent for the State Commissioner.
The petitioner’s challenge of the decision of the respondent must be and hereby is denied, and he has the duty to comply with the respondent’s decision. The motion of the respondent to dismiss the petition on the grounds petitioner has no standing or authority to bring this article 78 proceeding against respondent for judicial review of his decision after fair hearing is granted. No costs are awarded to either party. Attorney for respondent is to submit order in accordance with this memorandum decision embracing both the petitioner’s article 78 proceeding and respondent’s motion to dismiss the petition.