■ PASQUALE GUARNERI, Respondent, v. CARLOS DE C. ALOVEIRO, Appellant.— Appeal from order of the Supreme Court, Kings County, dated August 22, 1968, dismissed, with costs. An order denying a motion to set aside a jury verdict in favor of a plaintiff upon a trial limited to the issue of liability is not appealable (*Fortgang* v. *Chase Manhattan Bank,* 29 A D 2d 41, 43). However we have considered the merits of appellant's contentions and, if we were not required to dismiss the appeal, we would affirm the order. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ In the Matter of JOSEPH S. BARBARO, as Commissioner of the Nassau County Department of Social Services, Appellant, v. GEORGE K. WYMAN, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Judgment of the Supreme Court, Nassau County, entered March 18, 1968, affirmed, without costs. No opinion. We have not reviewed the order of the same court dated May 3, 1968. No separate appeal therefrom was taken and, since it denied a motion for reargument (no new facts were presented), no appeal therefrom would lie. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ In the Matter of COUNTY OF NASSAU, Appellant, v. METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents.— Judgment of the Supreme Court, Nassau County, dated May 7, 1968, affirmed, with costs to respondents, on the opinion of Special Term (*Matter of County of Nassau* v. *Metropolitan Transp. Auth.,* 57 Misc 2d 1025). Christ, Acting P. J., Brennan, Rabin Hopkins and Martuscello, JJ., concur. [57 Misc 2d 1025.]

■ In the Matter of DENNIS G. MARESCA, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Appeal by Motor Vehicle Accident Indemnification Corporation [MVAIC] from an order of the Supreme Court, Kings County, dated October 16, 1968, which referred to a Special Referee, to hear and determine, petitioner's motion for leave to renew his previously denied motion for leave to sue said MVAIC for injuries allegedly received by him when struck by a "hit and run" driver. Order reversed, on the law and the facts, without costs, and motion denied. On this record, we believe the motion should have been denied outright; and Special Term's failure to so determine the motion was an improvident exercise of discretion. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Kleinfeld, JJ., concur.