John R. Tenney, J.
In this application, the petitioner seeks a determination that section 372 of the Social Services Law does not apply to records in child neglect cases kept by the Onondaga County Department of Social Services, or (b) a determination that the court has the discretion to permit disclosure of records of Family Court proceedings incidentally kept by the department to the public and specifically, a newspaper.
Section 372 provides that those having powers or duties relating to neglected children shall keep certain records with reference to them, including any further disposition or change in care, custody or control of the child, and the reasons for any act with reference to such child. Certainly, Family Court records kept with reference to a child neglect charge would be in that category. Such records are to be kept and to be made available for examination at any time by the State Board of Social Welfare. Section 372 uses the expression “ authorized agencies ”. Section 371 (subd. 10, par. [b]) defines “authorized agency ’ ’ as any public welfare official of this State authorized by law to place out or board out children. The petitioner is included in that category.
Subdivision 3 of section 372 applies to authorized agencies, such as the Commissioner, regarding the right to divulge information kept with reference to neglected children, etc. It provides that a parent, relative or legal guardian or an authorized agency after due notice to the affected agency, and after a hearing, may apply to the Supreme Court for the release of such extracts of those records as the court may deem proper. The county Commissioner, in this case an authorized agency, has no authority to release any records properly kept by him with reference to “ abandoned, delinquent, destitute, neglected or dependent chil *788 dren ’ ’ without court approval after a hearing upon application by the proper parties. The Family Court Judge determined that this court had no jurisdiction over the records once they became part of the file of the Commissioner; and that is the law of this case until reversed by a proper appellate court..
This application is unique in that the request to release information is made by the authorized agency. The Welfare Commissioner is required to keep the records confidential with certain limited exceptions.
These records are to be kept confidential in order to protect those involved from publicity. The further purpose is to encourage the resolution of problems of the family through legal means. This is not likely to happen unless there is assurance that confidence will be kept. Our political philosophy has as its cornerstone the belief in the sanctity of individual rights, including the right of privacy. Petitioner argues that this theory is irrelevant in this case because of the overriding public interest.
No interpretation of the statute authorizes the petitioner to release confidential information to the news media. There is no demonstrable ‘ ‘ public interest ’ ’ that would require a variation of the law. Even if such a release might be in the public interest or advantageous to the proper growth of the Family Court, it is irrelevant. The Legislature has drawn the guidelines; if there is a change to be made, it must be made by the Legislature. It is the duty of the court to preserve those areas which the Legislature has deemed private. Neither the courts nor governmental agencies should be granted the right to violate the privacy so preserved, particularly for the purpose of apology or explanation of their official acts.
There is no necessity to schedule a hearing, since there is no proper applicant before the court. This determination is consistent with the reasoning of the court in Matter of Wasserstein v. Warwick State Training School (54 Misc 2d 948). There the court held that, once the records were filed in the State office, the court upon proper notice and after a hearing could permit an examination of the records. (Social Welfare Law, § 372, subd. 4.) However, it was further held that records kept by the authorized agency could only be released upon application of the proper parties, as set forth in subdivision 3 of section 372.
Therefore, the court finds that the Onondaga County Department of Social Welfare is an authorized agency under section 372, and the Commissioner has no right and no duty to release confidential records except by a proper application by a proper party. He may not release any records kept by him in connec *789 tion with a child neglect proceeding in Family Court to the public. The fact that the names are to be concealed is also irrelevant. The purpose of the statute is to protect persons in the categories from public notoriety of any sort by innuendo or otherwise.
Therefore, the application is denied, and the petition is dismissed.