Richard N. Donovan, J.
The plaintiff brought this action against the defendant, Commissioner Wyman, for a declaratory judgment and more particularly seeking an interpretation of section 131 of the Social Services Law of the State of New York. Thereafter, by permission of this court, defendants-intervenors were allowed to become party defendants. By stipulation of the parties, the Communications Workers of America were allowed to appear as amicus curiae. The motion before this court is to dismiss the complaint for failure to state a cause of action. All parties agree they are seeking summary judgment.
The parties substantially agree upon the following facts: During the month of July, 1971, all members of the Communications Workers of America went on strike, including the members of Locals 1123, 1152, 1191 and 1197. A settlement was reached between the employers and the national union subject to ratification by the local unions. Thereafter, all locals ratified the national agreement with the exception of the locals who are the defendants-intervenors in this action. These locals have continued their strike to the present time. Following the decision of Justice O’Donnell in Lascaris v. Wyman (61 Misc 2d 212), .section 131 of the Social Services Law was amended, and the latest amendment became effective July 1, 1971. Shortly *524 after the strike began, the three individual defendants-intervenors applied for welfare benefits from the plaintiff and were denied the same. Subsequently, and at the present time, the dependent members of the individuals ’ families were given public assistance but the strikers were not and they continue to be denied public assistance.
The parties further agree the three def endants-intervenors and others similarly situated would be accepted for employment by the companies against whom they are striking if they applied for employment. They further agree these three men have complied with section 131 of the iSocial Services Law in that they have registered with the nearest employment agency of the Department of Labor.
The crux of this controversy is whether or not striking employees are entitled to welfare benefits when employment with the company is available to them and while a settlement of the strike is still pending.
The defendants place great reliance upon the decision of Justice O’DorrrrELL in the action of Lascaris v. Wyman (61 Misc 2d 212, supra) decided November 12, 1969. They contend the same circumstances and parties exist in this case except that it was the General Electric Company strike rather than the present labor-management controversy. Of course, they also contend this court should reach the same conclusion.
The plaintiff, on the other hand, claims different circumstances exist, in that the Legislature amended section 131 of the Social Services Law in 1970 and again in 1971.
In the opinion of this court, the issue is not whether the unions or employees have a right to strike nor whether the strike was authorized or unauthorized or whether refusal to grant welfare assistance is interference in a labor-management controversy. The sole issue to be determined is what effect the amendments have upon the right of strikers to receive public assistance.
The right to public assistance is dependent upon statutory provisions. Section 131 of the Social Services Law particularly deals with the entitlement of an employable person to assistance and care. There is no question but what these men are employable in that they are capable of doing the work and the employer has a job opening and will take them back. The only reason they are not self-supporting is the labor-management controversy. Since they are employable, it becomes necessary to determine the legislative intent when section 131 was amended. It seems to this court that the Legislature must have been well aware of the earlier controversy which was decided by Justice *525 O’Donnell when it enacted the change in section 131. The Legislature could easily have included amongst those persons people who were unemployed because of labor-management controversies. The Legislature did not make that exception and in this court’s opinion thereby eliminated strikers from entitlement to public assistance, no matter how justified their grievance.
Justice O’Donnell in his decision found that section 131 of the Social Services Law and section 592 of the Labor Law should be read together. The legislative intent seems to be consistent in both of these sections in that it restricts entitlement to public assistance and unemployment insurance benefits to persons who are employable or have a source of income from employment available to them. Had the legislative intent been to the contrary, the Legislature would have eliminated the waiting period under the Labor Law and included striking employees in subdivision 4 of section 131.
Therefore, it is the finding of this court that the three individual defendants-intervenors and all other similarly situated are not entitled to public assistance and the plaintiff shall not furnish the same. This court further finds the defendant, George D. Wyman, as Commissioner of the Department of ¡Social Services of the State of New York, shall continue State and Federal contributions to the plaintiff, as Commissioner of the Department of Social Services of Onondaga County.
The plaintiff is directed to submit an order in accordance with this decision, without costs.