OPINION OF THE COURT
Jones, J.
We hold that a local County Department of Social Services has no standing in a proceeding under CPLR article 78 to seek judicial review of a determination made by the State Commissioner of Social Services following a fair hearing held at the request of a welfare recipient.
Shirley D. Jorczak, a resident of Rensselaer County in New York State, brought her nine-year-old stepniece from Massachusetts to live with her in this State. The child’s natural mother and stepfather were on public assistance in Massachusetts and gave custody of their daughter to Mrs. Jorczak at the behest of the Massachusetts Department of Social Welfare because the child was alleged to have suffered sexual abuse by her stepfather. The young girl came to the Jorczak home without any resources or income for her support and the income and resources of Mrs. Jorczak and her husband were not available for her support. When the Jorczaks accepted the child into their home it was expected that she would continue to be entitled to public assistance, but from the County of Rensselaer instead of the Commonwealth of Massachusetts.
Mrs. Jorczak’s application on behalf of her stepniece for public assistance was denied by the Rensselaer County Department of Social Services. A fair hearing was held at her request, and the State commissioner, overruling the county department, determined that the child was entitled to public assistance and directed the County Department of Social Services to provide such assistance in accordance with his decision. When the county department failed to do so Mrs. Jorczak instituted the present article 78 proceeding to compel *347 the local agency to comply with the fair hearing determination. The local agency then commenced a parallel article 78 proceeding to annul the State commissioner’s fair hearing decision. The two proceedings were consolidated in Supreme Court and that court then decided the case on the merits in favor of Mrs. Jorczak, thus upholding the fair hearing determination. On appeal the Appellate Division reversed, also on the merits, and annulled the State commissioner’s determination.
From the start, Mrs. Jorczak has contended that the Rensselaer County Department of Social Services has no standing to challenge the fair hearing decision of the State commissioner. Both courts below have rejected this contention. We now reverse, hold that the local agency has no standing to challenge the State commissioner’s ruling, and reinstate his determination, without reaching the merits.
In New York State, the social services program is a State program, administered through the 58 local social services districts under the general supervision of the State Department of Social Services and the State Commissioner of Social Services. (NY Const, art XVII, § 1; Social Services Law, §§ 17, 20, 34.) The county commissioners are denominated by statute "agents” of the State department (Social Services Law, § 65, subd 3). In the administration of public assistance funds, whether they come from Federal, State or local sources, the authority and responsibility is that of the county commissioners of social services, not the counties; the local commissioners act on behalf of and as agents for the State. Each is a part of and the local arm of the single State administrative agency. Determinative of the present question is the status and function of the local commissioners as agents of the State and not of their respective counties.
Inasmuch as the local commissioners are agents of the State department they may not substitute their interpretations of the regulations of the State department for those of the State department or the State commissioner (Matter of Samuels v Berger, 55 AD2d 913; Matter of Bonfanti v Kirby, 54 AD2d 714; Matter of Barbaro v Wyman, 32 AD2d 647). To recognize any such right would be to undermine the supervisory authority of the State commissioner and to invite administrative chaos. By like token, the local commissioners have no standing to seek a judicial review of the fair hearing determinations of the State commissioner that interpret or apply such *348 regulations (Matter of Bates v Berger, 55 AD2d 950; Matter of Reed v New York State Dept. of Social Servs., 78 Misc 2d 266; Matter of Smythe v Lavine, 76 Misc 2d 751). In a familiar form of expression, the local commissioner as agent of the State department is not, and cannot be, an "aggrieved party”. Indeed section 353 of the Social Services Law explicitly provides with respect to fair hearing determinations made by the State commissioner — "All such decisions of the department shall be binding upon the social service official involved and shall be complied with by him.” (Cf. Social Services Law, § 135-c.) The statutory provision is implemented by an explicit provision of 18 NYCRR 358.18 (a) — "The decision shall be binding upon the social services official” — and that official is required to comply promptly (18 NYCRR 358.22).
Even if considerations of State law did not dictate this result and preclude such challenges by a local commissioner, the mandate of Federal law would do so in this instance. Inasmuch as New York State has elected to participate in the Federal aid to families with dependent children program (the program under which Mrs. Jorczak sought the public assistance grant for her stepniece), the State is required to comply with the applicable Federal statute and regulations (Matter of Dunbar v Toia, 45 NY2d 764, 766 [decided herewith]). Central to the Federal program, and directly relevant here, is the Congressional requirement that any State plan under the AFDC program be administered or supervised by "a single State agency”. Section 602 of the Social Security Act provides explicitly: "(a) A State plan for aid and services to needy families with children must (1) provide that it shall be in effect in all political subdivisions of the State, and, if administered by them, be mandatory upon them * * * (3) either provide for the establishment or designation of a single State agency to administer the plan, or provide for the establishment or designation of a single State agency to supervise the administration of the plan”. (Emphasis added; US Code, tit 42, § 602; cf. 45 CFR 205.100 [a] [1] [i].) The associated Federal regulations preserve to the single State agency the conclusiveness of its rule-making authority even where, as in New York State, the social services program is administered through a network of subdesignated local agencies: "In the event that any services are performed for the single State agency by other State or local agencies or offices, such agencies and offices must not have authority to review, change, or disap *349 prove any administrative decision of the single State agency, or otherwise substitute their judgment for that of the agency as to the application of policies, rules, and regulations promulgated by the State agency.” (Emphasis added.) (45 CFR 205.100 [b] [3].) Further Federal regulations explicitly state that when the fair hearing decision is favorable to the claimant, the local agency shall promptly make the corrective payments (45 CFR 205.10 [a] [18]).
It is pertinent that the Federal Department of Health, Education and Welfare has taken "the position that local social service districts may not seek judicial review of fair hearing decisions in favor of claimants without violating federal requirements that an AFDC program be administered by a single State agency (42 USC, § 602[a][3])”.*
We agree with the Appellate Division, Second Department, which has concluded, as do we, that local commissioners of social services have no standing in an article 78 proceeding to challenge the fair hearing determinations of the State com *350 missioner. (Cf. Matter of Samuels v Berger, 55 AD2d 913, supra; Matter of Bates v Berger, 55 AD2d 950, supra; Matter of Bonfanti v Kirby, 54 AD2d 714, supra; Matter of Barbaro v Wyman, 32 AD2d 647, supra.)
Inasmuch as the Commissioner of the Rensselaer County-Department of Social Services does not have standing in this instance to question the determination of the State Commissioner of Social Services directing the payment of AFDC benefits to Mrs. Jorczak for the benefit of her stepniece, there is no occasion to reach or consider the merits of that determination.
Accordingly, the order of the Appellate Division should be reversed, with costs to appellant payable by respondent Commissioner of the Rensselaer County Department of Social Services, and the judgment of Supreme Court reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order reversed, etc.

 See letter from Acting Assistant Regional Commissioner for Family Assistance accompanying the brief of appellant in this court.
Bills have been introduced in the Legislature to amend section 353 and related sections of the Social Services Law to accord the local social services districts a right of judicial review of fair hearing determinations, e.g., by adding to the portion of section 353 quoted above, page 4, the clause, "however article seventy-eight of the civil practice law and rules shall apply”. Assembly Bill No. 5948 (see § 4) passed both Houses of the Legislature in 1971 but was vetoed on July 6, 1971 by Governor Rockefeller with the statement,
"The bill would authorize a local social services department to appeal a final determination of the State Department of Social Services pursuant to Article 78 of the Civil Practice Law and Rules.
"The Federal statutes require that each of the categorical assistance programs be administered by a single state agency which establishes the policy and rules to be followed statewide and supervises local administrations to ensure that such policy and rules are so followed. See 42 U.S.C. § 602(a)(3). Further, the Federal regulations require that final determinations of the state agency be binding on the state and on local agencies. See 45 Code of Federal Regulations, 205-10(a)(ll). The Department of Social Services has been advised by Federal authorities that the bill would raise a serious question of non-conformity with these Federal requirements that could result in a complete loss of Federal reimbursement funds under the categorical assistance programs.” (Public Papers of Governor Rockefeller, 1971, Memo No. 270, p 501.)
A similar bill was introduced in 1976 (Senate Bill No. 9401 [see § 2]). This bill was passed by the Senate on May 20, 1976 and sent to the Assembly Social Services Committee on May 21, 1976. It was not reported out of that committee. (See 1976 Senate Introductory Record, S 769.) See, also, chapter 473 of the Laws of 1978, signed into law July 11, 1978, granting a conditional right of review with respect to appeals decided by the State Commissioner of Social Services after the effective date of the chapter.