■ In the Matter of James Burkitt, Respondent, v Barbara Blum, as Commissioner of the New York State Department of Social Services, Appellant, and Robert Wagner, as Commissioner of the Tompkins County Department of Social Services, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered December 19, 1978 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of the New York State Department of Social Services. Petitioner is a 55-year-old man who has been receiving public assistance in the home relief category since June 2, 1976. In December of 1977 he enrolled in a science laboratory

technology program at Tompkins-Cortland Community College. Petitioner applied to the Tompkins County Department of Social Services on January 11, 1978 for approval of his participation in this program, stating that his vocational goal was employment in a laboratory or sales. Approval of petitioner's educational plan would exempt him from certain work rule requirements and entitle him to an additional monetary allowance (Social Services Law, § 131, subd 5; § 159-a). On January 24, 1978 the Tompkins County agency denied the request for approval, stating that petitioner already had a marketable skill. The local agency noted that petitioner received an associate of science degree in general studies from Tompkins-Cortland County Community College in June of 1977 and that he had considerable sales experience. This denial was consistent with a memorandum sent by the Commissioner of the Tompkins County Department of Social Services to his staff concerning job training programs, which declared the local office policy that educational plans were not to be approved for persons already possessing a marketable skill. Following an affirmance of the local agency's determination by the Commissioner of the State Department of Social Services, petitioner brought an article 78 proceeding to review this administrative action. Special Term, finding the disapproval of petitioner's educational plan to be arbitrary, capricious and an abuse of discretion, annulled the commissioner's determination and directed that petitioner be exempted from the work rule requirements. This appeal ensued. Although not discussed by Special Term in its decision, the local agency could not base its disapproval of petitioner's educational plan on standards expounded in the memorandum of its commissioner, since this memorandum was never filed with the State Department of Social Services *(Bailey v Blum,* 96 Misc 2d 211). This memorandum, which established guidelines for approving training programs, was clearly a "rule, regulation or procedure made by a local social service official" and, thus, subject to the statutory filing requirements (Social Services Law, § 20, subd 3, par [a]; 18 NYCRR 300.6). To allow the Tompkins County agency to base its decision on this unfiled memorandum would frustrate the intent of the Social Services Law, which seeks to prevent administrative chaos by requiring prior approval by the State Department of all rules and regulations adopted by any of the 58 local offices (see *Matter of Beaudoin v Toia [Jorczak],* 45 NY2d 343, 347; *Bailey v Blum,* 96 Misc 2d 211, 213, *supra).* While the policy of disapproving educational plans submitted by welfare recipients who already possess a marketable skill may be meritorious, we note that such a rule must be initiated at the State level. Therefore, since the Tompkins County agency memorandum never became effective, its use in denying petitioner's educational plan was arbitrary and capricious and an abuse of discretion. Accordingly, the judgment of Special Term should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.