■ In the Matter of DENISE PARKER, Respondent, v JOHN J. FAHEY, as Commissioner of the Albany County Department of Social Services, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered July 9, 1979 in Albany County, which denied respondent's motion to dismiss the petition and granted petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to compel respondent to comply with a fair hearing decision of the Commissioner of the New York State Department of Social Services. The respondent does not dispute that on May 26, 1978 he was directed by a fair hearing decision to compute the petitioner's benefits in behalf of her children in a certain manner and that he has continuously failed to obey the direction. After repeated oral demands by petitioner and/or her representatives to the office representatives of the respondent (e.g., an administrative hearing specialist, a senior examiner, caseworkers) for compliance with the decision, the petitioner's legal counsel, by letter dated March 2, 1979, demanded compliance. The respondent's legal counsel issued a letter dated April 11, 1979, in response to the written demand, wherein he concluded, "I am sorry this Department cannot comply with your request". On April 23, 1979 the petitioner commenced this proceeding in the nature of mandamus (CPLR art 78), seeking an order directing compliance with the May 26, 1978 decision. On July 13, 1978 the Court of Appeals reversed prior determinations of this court and specifically held that county commissioners of social services have no standing to challenge fair hearing decisions duly rendered by the State commissioner *(Matter of Beaudoin v Toia,* 45 NY2d 343; *Matter of Clemente v Fahey,* 45 NY2d 756). In view of the *Beaudoin* and *Clemente* decisions, the refusal of the respondent to comply with the fair hearing decision herein without compelling resort to this proceeding is inexplicable because of respondent's participation in the *Clemente* case as a party. The respondent now seeks to avoid compliance with the May 26, 1978 decision by moving for dismissal of the petition on the grounds that the instant action was not timely commenced pursuant to CPLR 217 and that the petition should be barred by laches. As to laches, the respondent presents no basis for applying that doctrine. The respondent on the motion conclusively demonstrated that the petitioner continually sought compliance with the fair hearing decision, and, in any event, the period of less than a year does not seem to be a lengthy delay. As to the oral refusals of various employees of the respondent to comply with the decision, it does not appear that any of them were purporting to issue a final determination on behalf of the respondent or that they could do so. In any event, the respondent issued no written determination until April 11, 1979, and we deem that it was the first refusal which could have reasonably brought home to the petitioner the intention of the respondent to disobey the law. The motion of the respondent was properly denied by Special Term. Respondent further contends that it should have

been permitted to answer; however, the proceeding demonstrates that there is no likelihood of a valid defense to the demand for compliance with the fair hearing decision. From an examination of the record, it appears that the only question is the existence of a fair hearing decision, which is undisputed. The legal question is limited to the right of the county commissioner to refuse to comply with a fair hearing decision. *Matter of Beaudoin v Toia (supra)* has determined that legal issue. There would be no purpose, except delay, in requiring an answer. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Main, Casey and Herlihy, JJ., concur.