■ NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent, v RAYMOND E. FORTIER, as Commissioner of Social Services for the County of Chemung, Appellant. — Appeal from an order of the Supreme Court at Special Term (Kuhnen, J.), entered October 11, 1983 in Chemung County, which partially denied defendant's motion to dismiss the complaint.

On November 1, 1982, defendant instituted a restricted program providing that, regardless of the amount due on utility bills incurred by recipients of public assistance, payment would be limited to the following amount: the sum of the recipient's "home energy allowance", "fuel allowance", and "additional allowance for fuel". In most cases, the total of these allowances was less than the actual amount of a bill. Following a fair hearing granted to one Rosemary Lewis, a Chemung County recipient of public assistance, an administrative law judge ruled on March 2, 1983 that the restricted vendor payment program

did not comply with section 131-s of the Social Services Law ·and ordered defendant to make full payment of that recipient's utility bills for the last four months in order to prevent termination. To avoid individual fair hearings for each of the approximately 700 customers who receive public assistance and faced termination of utility service because of arrearages in payment, plaintiff commenced this action seeking judgment voiding defendant's restricted program and ordering defendant to pay or guarantee full payment of the actual utility bills of Chemung County welfare recipients, in compliance with the statute and regulations. In partially denying defendant's motion to dismiss the complaint, Special Term held that defendant lacked standing to challenge the regulations and interpretations of the State Department of Social Services, and further stated that were the court to address the merits, it would conclude that defendant may not allow payment of a lesser amount than the State Department of Social Services has directed be paid on utility bills. On this appeal, the Attorney-General and the Onondaga County Commissioner of Social Services have been granted permission to submit briefs *amici curiae.*

The threshold issue is whether defendant lacked standing to challenge the promulgation and validity of the regulation which compels payment of the actual amount of utility bills rendered to public assistance recipients or those applying for assistance (18 NYCRR 352.7 [g] [4], [5]). Relying upon *Matter of Beaudoin v Toia (Jorczak)* (45 NY2d 343), Special Term held that defendant, who "as an agent of the State, incurs no grievance in performing his duties in accord with the State department regulations", did not have standing and denied defendant's motion to dismiss the complaint in all parts pertinent to this appeal. Defendant urges that the *Beaudoin* decision is limited to a local commissioner's challenge to fair hearing determinations and does not proscribe the inherent power to seek CPLR article 78 review of a State agency's enforcement of a regulation alleged to be illegal. Defendant further argues that section 22 (subd 9, pars [a], [b]) of the Social Services Law empowers a local social service agency to challenge the validity of a regulation promulgated by the State Department of Social Services (see *Lascaris v Wyman,* 68 Misc 2d 523, revd 38 AD2d 163, affd 31 NY2d 386, cert den 414 US 832; *Lascaris v New York State Dept. of Social Servs.,* 67 Misc 2d 17; *Matter of Lascaris,* 65 Misc 2d 787).

We conclude that defendant lacks the necessary standing to challenge the subject regulation. In *Matter of Beaudoin v Toia (Jorczak) (supra),* the Court of Appeals determined that local commissioners, as agents of the State Department of Social

Services, may not substitute their interpretations of the regulations for those of the State agency, since to hold otherwise would effectively undermine the supervisory authority of the State commissioner and invite administrative chaos (see *Matter of Monroe v Blum,* 90 AD2d 572, 573). We recognize that the *Beaudoin* decision arose in the context of a CPLR article 78 proceeding to seek judicial review of a determination of the State commissioner following a fair hearing. Contrary to defendant's assertions, however, we cannot agree that the decision should be limited to the context of fair hearing determinations. The fact that the instant proceeding does not directly involve review of a fair hearing determination does not alter the basic premise upon which the *Beaudoin* case rests, i.e., that the status and functions of local commissioners as agents of the State requires adherence to the regulations of the State agency. We also recognize that section 22 (subd 9, par [b]) of the Social Services Law now authorizes a local social services official aggrieved by a determination of the State commissioner after a fair hearing to apply for review pursuant to CPLR article 78 (see L 1978, ch 473, § 2, eff July 11, 1978). However, no such application was made on defendant's behalf within four months of the March 2, 1983 decision in the Rosemary Lewis case, which, *inter alia,* held defendant's restricted vendor payment program to be invalid. That avenue of review is no longer available in the Rosemary Lewis case and is not permissible in this case.

Were we to reach the merits, we would agree with Special Term that the complaint should not be dismissed. A review of the legislative history of section 131-s of the Social Services Law and the implementing regulations confirms that the actual costs of utility services rendered to a public assistance recipient faced with termination for nonpayment must be directly paid or guaranteed within the guidelines of the statute (Social Services Law, § 131-s, subds 1, 2, 3). The interpretation accorded the statute and regulations thereunder by the State commissioner is not irrational and should be deferred to (*Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *Matter of Bates v Toia,* 45 NY2d 460, 464).

Order affirmed, with costs to plaintiff. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.