■ In the Matter of ANITA ROMANO, as Commissioner of the Suffolk County Department of Social Services, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Weiss, J.

This proceeding involves the question of responsibility for the local share of medical assistance provided an otherwise eligible applicant pursuant to the State's Medicaid program. The Oneida County Department of Social Services requested a fair hearing by the State Department of Social Services on the issue of whether Suffolk County, the county of former residence of two patients at the Masonic Home,[1] was fiscally responsible for their assistance and care (18 NYCRR 311.3 [c]). Respondent State Commissioner of Social Services rendered his determination in this inter-county jurisdictional dispute, holding that Suffolk County was responsible. In so ruling, respondent State Commissioner determined that where an applicant enters a social services district for the purpose of taking up residency in a facility such as the Masonic Home, that applicant's former social services district is fiscally responsible for providing medical assistance (*see,* Social Services Law § 62 [1]). Petitioner, as Commissioner of the Suffolk County Department of Social Services, commenced this CPLR article 78 proceeding seeking to annul this determination. Special Term dismissed the petition, holding that petitioner lacked standing to challenge determinations by the State Commissioner concerning the administration of a public assistance program. We affirm.

In *Matter of Beaudoin v Toia (Jorczak)* (45 NY2d 343), the Court of Appeals held that a local county Department of Social Services had no standing in a proceeding under CPLR article 78 to seek judicial review of a determination made by the State Commissioner of Social Services following a fair hearing (*supra,* p 347; *see, Matter of Monroe v Blum,* 90 AD2d 572, 573). Shortly before that determination, Social Services Law § 22 (9) (b) was

---

1. The Masonic Home is a nonprofit fraternal corporation which operates a facility in the City of Utica, Oneida County, and which provides domiciliary or congregate care, health-related care and skilled nursing services.

amended to empower a local social services official aggrieved by a determination of the State Commissioner after a fair hearing to apply for review pursuant to CPLR article 78 (*see, New York State Elec. & Gas Corp. v Fortier,* 106 AD2d 715), unless otherwise precluded by Federal law (*see,* L 1978, ch 473, § 2, eff July 11, 1978).[2]

Petitioner seeks to distinguish *Beaudoin* by noting that the issue there concerned an applicant's eligibility for assistance in the aid to families with dependent children program, while here the issue is which of two social services districts is fiscally responsible to provide assistance to eligible recipients. We view the argument to be a distinction without a difference. One basis for the denial of standing in the *Beaudoin* case was the fact that Federal law governing the State's participation in the Federal Aid to Families With Dependent Children program mandates full participation by all political subdivisions of the State and administration by a single State agency (42 USC § 602 [a] [1], [3]). These requirements effectively preclude a challenge by local commissioners (*Matter of Beaudoin v Toia* [*Jorczak*], *supra,* pp 348-349). So it is here that Federal Law imposes the same participation/administration requirements in the medical assistance program (*see,* 42 USC § 1396a [a] [1], [5]; 42 CFR 431.10 [b] [1], [2] [ii]; [e] [3]; Social Services Law § 366 [1] [a] [2]). It follows that the exclusion set forth in Social Services Law § 22 (9) (b) is applicable, thereby depriving petitioner of standing to challenge the instant determination of respondent State Commissioner. Having thus concluded, it is unnecessary to consider the merits of the determination.

Judgment affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

**2.** We note that Social Services Law § 22 (9) (b) became effective July 11, 1978, but only as to appeals decided by the State Commissioner of Social Services after the effective date (L 1978, ch 473, § 15), and, thus, was not involved in the *Beaudoin* decision (*Matter of Beaudoin v Toia* [*Jorczak*], 45 NY2d 343, 349, n).