■ In the Matter of NOAH WEINBERG, Individually and as Commissioner of the Rockland County Department of Social Services, Appellant, v CESAR PERALES as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Commissioner of Social Services, dated December 3, 1982, and made after a statutory fair hearing, which found that the Rockland County Commissioner of Social Services was responsible for

providing medical assistance to the respondent Janice Lehman, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Gurahian, J.), dated January 16, 1984, which dismissed the petition on the ground that the petitioner lacks legal capacity to sue.

Order and judgment affirmed, without costs or disbursements.

The petitioner, the Rockland County Commissioner of Social Services (hereinafter the Rockland commissioner) asserts that he has standing to seek review of a determination of the State commissioner pursuant to Social Services Law § 22 (9) (b). Social Services Law § 22 (9) (b) was amended to empower a local social services official aggrieved by a determination of the State commissioner after a fair hearing to apply for review pursuant to CPLR article 78 unless otherwise precluded by Federal Law (see, L 1978, ch 473, § 2). Federal statutory law requires that the medical assistance program at issue here must be administered by a single State agency (see, 42 USC § 1396a [a] [5]), and the applicable Federal regulations provide that a local agency must not have authority to review, change or disapprove the decision of the single State agency (see, 42 CFR 431.10 [b] [1], [2] [ii]; [e] [3]). Hence, the mandate of Federal law precludes the instant challenge by the Rockland commissioner, or the political subdivision which he represents (see, Matter of Beaudoin v Toia [Jorczak], 45 NY2d 343; Matter of Romano v Perales, 110 AD2d 1028, affd 67 NY2d 848 for reasons stated in the mem at App Div). Lazer, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.