■ In the Matter of LYNDA SAWYER, Petitioner, v PETER PHELAN, as Commissioner of the St. Lawrence County Department of Social Services, et al., Respondents.—Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Commissioner of Social Services which denied petitioner an additional child care allowance.

In 1988 petitioner was the recipient of a full grant of Aid to Families with Dependent Children from the St. Lawrence County Department of Social Services (hereinafter DSS) in order that she could take and complete an eight-week training program which prepared her to be a nursing assistant. Upon completion of her training, petitioner participated in a field work component of the program where she assisted nurses in actual treatment of patients. She quickly discovered that viewing blood, open wounds and dying patients caused her to experience nausea and faintness. Consequently, she enrolled at Mater Dei College for the fall term of 1988 in a liberal arts program with the intention of becoming an alcohol and chemical dependence counselor. On November 4, 1988, while so enrolled, petitioner applied for an additional child care allowance from DSS. Her application was denied on December 5, 1988 on the grounds that she was in a liberal arts curriculum and that DSS policy prohibited approval of such an allowance for successive training programs. Following a fair hearing, the State Department of Social Services (hereinafter SDSS) affirmed that determination on the ground that DSS could not

approve petitioner for a second or successive training program. The DSS policy upon which SDSS relied provided that in order to qualify for assistance a program must be occupational, the applicant must maintain a 2.0 grade point average and DSS shall not approve successive training programs. Petitioner commenced this CPLR article 78 proceeding challenging the administrative determination.

The record reflects that the policy of DSS regarding ineligibility for successive training programs was not filed with SDSS until March 1989. It is clear, therefore, that the policy was not in effect at the time petitioner was denied the additional allowance and it could not constitute a legal basis for such denial (see, Matter of Burkitt v Blum, 72 AD2d 890). The determination must therefore be annulled and the petition granted.

Determination annulled, without costs, petition granted and matter remitted to respondent State Commissioner of Social Services for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.