■ In the Matter of ANDREW P. O'ROURKE, Individually and as County Executive of the County of Westchester, et al., Respondents, v CESAR A. PERALES, as Commissioner of Social Services of the State of New York, et al., Appellants. [598 NYS2d 280] —In a hybrid (1) proceeding pursuant to CPLR article 78 to prohibit the New York State Department of Social Services from enforcing inadequate shelter amounts as they pertain to Westchester County, and (2) action for a

judgment declaring that the present shelter allowance bears no reasonable relation to the costs of housing in Westchester County, the appeal is from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), dated January 17, 1991, as denied that branch of the appellants' application which was to dismiss the proceeding and action upon the grounds that the petitioners lack standing and that the proceeding and action are barred by the Statute of Limitations.

Ordered that the order is modified, on the law, by deleting the provision denying that branch of the appellants' application which was to dismiss the action for lack of standing and substituting therefor provisions granting that branch of the motion and dismissing the action and proceeding; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioners, the Westchester County Executive, the Commissioner of the Westchester County Department of Social Services, and the County, commenced this hybrid proceeding pursuant to CPLR article 78 and action for a declaratory judgment, challenging the maximum shelter allowances for Westchester County set forth in the Social Services Regulations (18 NYCRR 352.3 [a]), on the ground that they are inadequate and bear no reasonable relation to the cost of housing for needy families with children in a home-type setting. They allege that the shelter allowance schedule for Westchester County, is illegal, arbitrary and capricious, violates New York State's constitutional provision mandating the care of the needy, and violates the applicable Federal and State statutory schemes.

We find that the petitioners lack standing to bring this proceeding and action. The applicable Federal statute requires that any State plan under the Aid to Families with Dependent Children program be administered or supervised by "a single State agency" (42 USC § 602 [a] [3]), and that a local agency must not have authority to review, change or disapprove the decision of the single State agency (see, 45 CFR 205.100). Consequently, "the mandate of Federal law precludes the instant challenge by the [Westchester County] commissioner, or the political subdivision which he represents" (Matter of Weinberg v Perales, 121 AD2d 729, 730; see also, Matter of Beaudoin v Toia, 45 NY2d 343; Matter of Romano v Perales, 110 AD2d 1028, affd 67 NY2d 848).

Moreover, the petitioning local commissioner is an agent of the State Commissioner, and is duty bound to implement a

restriction in payment directed by the State Commissioner *(see, Matter of Robinson v Perales,* 166 AD2d 594). As an agent of the State Department of Social Services, the local commissioner is not, and cannot be, an aggrieved party.

Similarly, the County Executive lacks standing to bring this action. He has not established that he is an aggrieved party. That the maximum shelter allowance established for Westchester County may be inadequate, and result in financial burden to the County, does not clothe him with standing, either in his individual or official capacity, to bring this action. Nor does he acquire standing merely because the issue may be one of vital public concern *(see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761). In the administrative context, "a party must show that the in-fact injury of which it complains (its aggrievement, or the adverse effect upon it) falls within the 'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" *(Society of Plastics Indus. v County of Suffolk, supra,* at 773). At bar, the petitioners have failed to establish that they are needy persons whose care and welfare the applicable statutes have sought to protect.

The appellants' remaining contentions are meritless. Sullivan, J. P., Balletta, Lawrence and Joy, JJ., concur.