■ MAXINE LOVE et al., Plaintiffs, v CESAR PERALES et al., Respondents, and ANDREW P. O'ROURKE, as County Executive

of the County of Westchester, et al., Intervenors-Appellants. [636 NYS2d 93] —In an action, *inter alia*, for a judgment declaring that the defendants' housing allowance schedules set forth in 18 NYCRR 352.3 violate the plaintiffs' State constitutional and applicable Federal and State statutory rights to obtain and retain decent, safe, and adequate housing, Andrew P. O'Rourke, as County Executive of the County of Westchester, Mary E. Glass, as Commissioner of the Westchester County Department of Social Services, and the County of Westchester, appeal from an order of the Supreme Court, Westchester County (Cowhey, J.), entered March 30, 1994, which denied their motion for leave to intervene as plaintiffs in this action.

Ordered that the order is affirmed, with costs.

The appellants sought to intervene in this action as plaintiffs on the ground that they had a real and substantial interest in the outcome of the case.

In *Matter of O'Rourke v Perales* (193 AD2d 802), we dismissed the appellants' hybrid CPLR article 78 proceeding and declaratory judgment action which raised the same issues as those involved in the instant action on the ground that they lacked standing to maintain that action. Additionally, we held that the County Executive and the local commissioner were not aggrieved parties. Our holding that the County Executive and the local commissioner were not aggrieved parties forecloses their present claim that they have a real and substantial interest in the outcome of the instant action.

Moreover, when an intervenor becomes a party to an action, whether as of right or in the court's discretion, he or she becomes an original party for all intents and purposes (*see, New York Cent. R. R. Co. v Lefkowitz,* 19 AD2d 548). That the failure of the State to provide adequate shelter allowances may impose an extreme financial burden on the County does not confer on the County a legally cognizable real and substantial interest for which it may maintain a lawsuit against the State. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.