■ In the Matter of WINNOAH JEFFERS, Petitioner, v BRIAN J. WING et al., Respondents. [681 NYS2d 261] —Determination of respondent New York State Department of Social Services, dated September 8, 1997, which, after a fair hearing, affirmed the determination of respondent New York City Department of Social Services denying petitioner's application for special foster care benefits, pursuant to 18 NYCRR 427.6, from November 29, 1995 forward, unanimously annulled, on the law and the facts, without costs, the petition pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Beatrice Shainswit, J.], entered February 27, 1998) granted, and petitioner declared qualified for foster care benefits at the special rate.

The Commissioner Designee's determination that petitioner was not entitled to specially rated benefits for her foster child for the period November 29, 1995 forward was not supported

by substantial evidence. As the Court of Appeals has noted, "rationality is the underlying basis for both the arbitrary and capricious standard and the substantial evidence rule. It is this concept which guides our analysis * * * [as to] rationality and record support" (*Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 240, citing *Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760-761).

The record before the Commissioner's Designee was replete with detailed evidence demonstrating that the child in question suffered from both pronounced physical conditions requiring a high degree of physical care and from developmental disabilities requiring a high degree of supervision, either of which would qualify petitioner for the special benefits she sought (18 NYCRR 427.6 [c]). However, the determination improperly disregarded the significance of this evidence by expressly treating it as no more relevant than the child's age (under 2 years old) when, as the record clearly shows, it demonstrates a significant, additional burden on the foster parent in terms of effort, time and money. On the other hand, in our view, record support for the denial of benefits does not amount to "proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181). Concur—Ellerin, J. P., Williams, Mazzarelli and Saxe, JJ.