◼ In the Matter of BARBARA R. AGLIETTI, Petitioner, v BRIAN J. WING, as Commissioner of the New York State Office of Temporary and Disability Assistance, et al., Respondents. [687 NYS2d 40] — Determination of respondent New York State Office of Temporary and Disability Assistance (State respondent) dated January 6, 1998, which, after a reopened fair hearing held on December 1, 1997, affirmed the determination of respondent New York City Department of Social Services (City respondent) denying petitioner's application for special foster care benefits, pursuant to 18 NYCRR 427.6, from May 1989,

when petitioner became the kinship foster mother of the subject child, through May 1994, when petitioner adopted the child, unanimously annulled, without costs, the petition pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Helen Freedman, J.], entered October 7, 1998) granted, and the matter remitted to the State respondent for further action in accordance with this decision.

Respondents' finding that the behaviors ascribed to the child, born in December 1985, "do not appear very different from behaviors within the range presented by children of the same age without disorders" is not supported by substantial evidence. The December 23, 1991 psychological evaluation showed that the child, while bright, had serious emotional problems, including anxiety and obsessive-compulsiveness, impeding his development and interfering with his ability to perceive his environment. It also found a five-month delay in the child's visual-perceptual-motor development, causing the psychologist to recommend weekly individual psychotherapy, including consultation with petitioner and retesting at regular intervals to ascertain the child's progress in visual-perceptual-motor development and his academic gains. Several weeks later, a psychiatrist evaluated the child similarly, and also recommended psychotherapy with petitioner's involvement therein, "to work on ways to handle him".

Ensuing evaluations diagnosed the child with attention deficit hyperactivity disorder, and recommended ritalin therapy, continuation of psychotherapy and petitioner's involvement therein as well as development and maintenance of behavior modification plans to enable petitioner to cope with the child. Other evidence showed that petitioner continually worked with the child's mental health professionals and school to address his emotional needs and behavioral problems, as well as with his ritalin therapy, and that maintaining the improvement of his condition required her continual efforts.

Such a record does not generate a conclusion that the child is normal, albeit perhaps "somewhat difficult", and that his diagnosed disorder has not involved a significant additional burden on the foster parent in terms of effort, time and money (see, Matter of Jeffers v Wing, 256 AD2d 72).

Furthermore, in view of the high degree of supervision the child required in the post-1991 period above described, the opinion of the child's present treating psychiatrist that he likely has suffered from the attention disorder since age three, and the testimony of petitioner and the letters from the child's

teachers and babysitter with respect to the period May 1989 to December 23, 1991, no rational basis exists for denying specially rated benefits for this latter period as well. Concur— Ellerin, P. J., Rosenberger, Williams and Andrias, JJ.