■ In the Matter of KATHRYN TORMOS, Respondent, v MARVA HAMMONS, Appellant, et al., Respondent. [687 NYS2d 336] —Order and judgment (one paper), Supreme Court, New York County (Beverly Cohen, J.), entered January 14, 1998, which, to the extent appealed from, required New York City Department of Social Services (DSS) to pay $10,000, or one-half the amount of attorneys' fees awarded to petitioner pursuant to

CPLR 8601, unanimously reversed, on the law, without costs, the allocation of attorneys' fees against City DSS is vacated, and respondent New York State Department of Social Services is liable for the entire $20,000 award.

We agree with the IAS Court's determination that petitioner, as the prevailing party in this CPLR article 78 proceeding seeking restoration of her public assistance benefits, is entitled to an award of attorneys' fees pursuant to CPLR 8601, also known as the New York State Equal Access to Justice Act (EAJA). The record shows that City DSS discontinued petitioner's benefits prior to the completion of the fair hearing she requested, in violation of State regulations (18 NYCRR 358-3.6) and a directive from State DSS to continue the same. It also introduced a notice of conciliation into evidence at the fair hearing which it concedes had been misaddressed. For its part, State DSS failed to secure City DSS's compliance with its directive to continue benefits pending completion of the hearing, and further acquiesced in the procedural irregularities which occurred at the hearing (*see, Matter of Tormos v Hammons*, 240 AD2d 165). As neither of respondents' positions were "substantially justified" (CPLR 8601 [a]), the IAS Court properly determined that liability under the EAJA was established (*see, Matter of Shvartszayd v Dowling*, 239 AD2d 104).

However, the IAS Court incorrectly allocated liability for one-half of the attorneys' fees to City DSS. The court reasoned that since EAJA defines "State" as "the state or any of its agencies or any of its officials acting in his or her official capacity" (CPLR 8602 [g]), and City DSS acts as an agent for State DSS in administering social services programs, then City DSS falls within the definition of "State" under EAJA and may be liable thereunder.

There is no question that local social service agencies "act on behalf of and as agents for the State" (*Matter of Beaudoin v Toia*, 45 NY2d 343, 347; Social Services Law § 65 [3]). "Each is a part of and the local arm of the single State administrative agency" (*Matter of Beaudoin v Toia, supra,* at 347). The IAS Court interpreted this agency relationship as subjecting a local social services agency to independent liability. We disagree.

Under the Federal and State statutory schemes, State social service agencies have complete supervisory authority over the local departments (*Matter of Beaudoin v Toia, supra,* at 347; *see,* Social Services Law § 20 [2], [3]; § 34 [3] [e], [f]; 42 USC § 602 [a] [1], [3]). Because the local departments function "as agents of the State and not of their respective counties"

(*Beaudoin v Toia, supra,* at 347), they may not substitute their own interpretation of State regulations, or their own judgment, for that of the State agency (*supra*). Indeed, the local departments may be sanctioned for failing to comply with State agency directives (*see,* Social Services Law § 20 [3] [e]; § 34 [4]). Accordingly, since the ultimate power and responsibility in this administrative scheme lies with State DSS, "[i]mposing responsibility for attorney's fees on the State DSS takes this structure into account and avoids evasion of responsibility by bureaucratic fingerpointing and red-tape shufflings" (*Matter of Thomasel v Perales,* 78 NY2d 561, 570; *see also, Matter of Mitchell v Bane,* 218 AD2d 537, 541-542, *lv dismissed* 88 NY2d 1003).

We have recognized in the past that State DSS may be vicariously liable for attorneys' fees under EAJA for actions or inactions of City DSS, and for failing to secure City DSS's compliance with its own determinations (*see, Matter of Shvartszayd v Dowling, supra; Matter of Mitchell v Bane, supra*). In this case, where *both* City DSS and State DSS were found to have taken positions that were not substantially justified, we hold that State DSS is vicariously liable for the full amount of the attorneys' fees (*Matter of Mitchell v Bane, supra,* at 540-541). To the extent the Second Department's decision in *Matter of Seoane-Morales v Rockland County Dept. of Social Servs.* (250 AD2d 690) is in conflict with our holding, we decline to follow it. Concur—Sullivan, J. P., Lerner, Mazzarelli and Saxe, JJ.