■ In the Matter of INEZ TIMMONS, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [713 NYS2d 55] —Determination of respondent New York State Department of Social Services (State DSS), dated August 15, 1997, which, after a fair hearing, affirmed determinations of the New York City Department of Social Services (City DSS) denying petitioner's application for special foster care benefits pursuant to 18 NYCRR 427.6, unanimously annulled, without costs, the petition, in a proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Eileen Bransten, J.], entered March 27, 1998), granted, the petitioner declared qualified for foster care benefits at the special rate, and the matter remitted to State DSS for calculation of the benefits due petitioner.

Respondent's determination that the child placed in petitioner's foster care had not been certified by a qualified psychiatrist or psychologist as having a behavioral disorder requiring a high degree of supervision improperly discounted that a psychiatrist twice recommended the special rate based on examinations conducted more than a year apart that found multiple behavioral problems. That the psychiatrist's report did not explicitly state why extra supervision is necessary as a result of these behaviors is not a reason to conclude that extra supervision is not necessary. The record, in particular, the testimony of petitioner and his recently deceased wife, amply demonstrated the additional and significant burdens on petitioner that proper supervision of the child required (*see, Matter of Jeffers v Wing*, 256 AD2d 72). Respondent does not challenge the credibility of this testimony, and offered no medical evidence contradicting the findings of the psychiatrist.

We note that by stipulation signed by all parties, the State DSS's cross appeal from a simultaneously decided separate order dismissing the proceeding as against the City DSS was withdrawn. Thus, the parties have acknowledged that any ruling affecting the State DSS would also be applicable to the City DSS (*see*, Social Services Law § 20 [3]; *Matter of Tormos v Hammons*, 259 AD2d 434, 435-436). Concur—Ellerin, J. P., Rubin, Saxe and Buckley, JJ.