OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed with costs and the certified question answered in the affirmative.
Plaintiffs moved pursuant to article 86 of the CPLR (Equal Access to Justice Act) for an award of attorneys’ fees and costs upon the ground that they were the prevailing parties in an action against defendant New York City Department of Social Services. That statute provides for an award of attorneys’ fees and other reasonable expenses incurred by a successful party in a civil action brought “against the state” unless the State’s position was substantially justified or special circumstances make an award unjust (see CPLR 8601 [a]). “State” is defined as the State or any of its agencies or any of its officials acting in his or her official capacity (CPLR 8602 [g]). Supreme Court denied the motion, concluding that article 86 does not provide for an award of attorneys’ fees against a city agency; the Appellate Division unanimously affirmed.
While we have recognized that local social services commissioners act as agents for the State (see Matter of Beaudoin v Toia, 45 NY2d 343, 347 [1978]), the New York City Depart *737 ment of Social Services is neither the State nor a state agency within the meaning of the statute (see CPLR 8602 [g]). By requiring that the “State” be a party, the statute avoids the “evasion of responsibility by bureaucratic finger-pointing” by placing liability for attorneys’ fees on the State as opposed to its agents (Matter of Thomasel v Perales, 78 NY2d 561, 570 [1991]).
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
Order affirmed, etc.