In the Matter of ROBERT SHERMAN, Petitioner, v JOHN A. JOHNSON et al., Respondents. STEPHEN PORCARO et al., Intervenors. [797 NYS2d 566]—

Proceeding pursuant to CPLR article 78 to review a determi-

nation of the New York State Office of Children and Family Services, dated September 26, 2002, made after a hearing, which found that the Nassau County Department of Social Services abused its discretion in removing three children from the foster care of Joseph M. and Raphaela M., and directed the Nassau County Department of Social Services to immediately return two of the three children to the foster care of Joseph M. and Raphaela M.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as directed the Nassau County Department of Social Services to immediately return two of the three children to the foster care of Joseph M. and Raphaela M. is vacated, the determination is otherwise confirmed, the petition is otherwise denied, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the New York State Office of Children and Family Services for further proceedings consistent herewith.

While the Nassau County Department of Social Services (hereinafter the Nassau County DSS), a local social service agency, does not have standing to seek review of a determination of the New York State Office of Children and Family Services (hereinafter the OCFS), made after a hearing (*see* Social Services Law § 22 [9] [b]; *Matter of Beaudoin v Toia,* 45 NY2d 343 [1978]), the current foster parents, who were granted leave to intervene in this proceeding, were aggrieved by the OCFS's determination and have standing to challenge it (*see Matter of Christina B.,* 96 AD2d 840 [1983]). Accordingly, this Court may review the determination on the merits.

The record reveals that the OCFS's determination was supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176 [1978]). However, the OCFS did not have the authority to direct the Nassau County DSS to immediately return the two children to Joseph M. and Raphaela M. (hereinafter the foster parents) unless their home had been recertified for the purpose of providing foster care (*see* 18 NYCRR 443.1 *et seq.*). Thus, we remit the matter to the OCFS to determine whether the home of the foster parents has been recertified and if not, to take the necessary steps for recertification pursuant to 18 NYCRR 443.1 *et seq.* Florio, J.P., Krausman, Luciano and Spolzino, JJ., concur.