■ In the Matter of JOEL HERMAN, Appellant, v NYC DEPARTMENT OF HOUSING PRESERVATION & DEVELOPMENT et al., Respondents. [45 NYS3d 803]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Housing Preservation & Development dated September 26, 2011, terminating the petitioner's benefits under Section 8 of the United States Housing Act of 1937 (42 USC § 1437f [b] [1]), which determination was annulled in a subsequent judgment of the Supreme Court, Kings County, entered November 7, 2012, the petitioner appeals from an order of the Supreme Court, Kings County (Edwards, J.), dated October 28, 2014, which denied his motion pursuant to CPLR 8601 for an award of attorneys' fees.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner's federal housing subsidy payments were terminated by the respondent New York City Department of Housing Preservation and Development (hereinafter HPD). The petitioner subsequently commenced this CPLR article 78 proceeding to challenge that determination, and he ultimately succeeded in having his housing subsidy retroactively restored (*see Matter of Herman v New York City Dept. of Hous. Preserv. & Dev.*, 118 AD3d 701 [2014]). He then moved pursuant to CPLR 8601 to recover attorneys' fees from HPD. The Supreme Court denied the motion.

Contrary to the petitioner's contention, HPD is a city agency, and is not liable for attorneys' fees under CPLR article 86, which authorizes the recovery of those fees under limited circumstances from the State and its agencies and officials (*see* CPLR 8600; 8602 [g]; *Hernandez v Hammons*, 98 NY2d 735 [2002]; *Knox v New York City Dept. of Educ.*, 100 AD3d 486 [2012]).

The petitioner's contention that HPD is precluded from denying that it is a State agency by reason of judicial estoppel or by its alleged admission of that status is without merit (*see* CPLR 5519 [a] [1]; 8602 [g]; *see generally Festinger v Edrich*, 32 AD3d 412 [2006]). Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.