Matter of Personal-Touch Home Care of N.Y., Inc. v City of N.Y. Human Resources Admin. (2022 NY Slip Op 00289)





Matter of Personal-Touch Home Care of N.Y., Inc. v City of N.Y. Human Resources Admin.


2022 NY Slip Op 00289


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Renwick, J.P., Webber, Oing, Scarpulla, Pitt, JJ. 


Index No. 151430/20 Appeal No. 15077 Case No. 2020-03830 

[*1]In the Matter of Personal-Touch Home Care of N.Y., Inc., Formerly Known as, Personal-Touch Home Care, Inc., Also Known as, Personal Touch Home Care, Inc., Petitioner-Appellant,
v
City of New York Human Resources Administration et al., Respondents-Respondents.


Glaser & Weiner, P.C., Great Neck (Todd V. Lamb of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Philip W. Young of counsel), for City of New York Human Resources Administration, respondent.
Frank Ng, New York, for Contract Dispute Resolution Board, respondent.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered August 19, 2020, which denied the petition to overturn a decision by the Office of Administrative Trials and Hearings Contract Dispute Resolution Board (CDRB), dated October 11, 2019, finding that petitioner's claim to use unspent Medicaid funds for fiscal year 2007 to offset expenses incurred due to a workers' compensation assessment in 2009-2010 was foreclosed by the State Department of Health's decision and regulations as applied to its contracts with respondent New York City Human Rights Administration (HRA), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
CDRB had a rational basis for upholding the HRA's denial of petitioner's request to divert unspent Medicaid funds from the fiscal year 2007 to offset assessments levied on Personal Touch in 2009-2010 by the Workers' Compensation Board to cover the deficit of a self-insurance trust that petitioner, among other health care agencies, used to provide workers' compensation coverage for its employees. The State Department of Health (DOH), the "single state agency" that administers New York's Medicaid Program, concluded that this particular type of retroactive assessment was not "reasonably related to the efficient provision of personal care services" to constitute an allowable cost covered by Medicaid (see 18 NYCRR 505.14[h][7][ii][3][iv][B]).
Petitioner contends that the DOH's conclusion was "patently irrational" because The Medicare Provider Reimbursement Manual , Part 1, incorporated by reference in the Medicaid regulations (see 18 NYCRR 505.14[h][7][ii][3][ii]), expressly recognizes the costs associated with a self-insurance trust as an allowable cost to be covered by Medicaid (see The Medicare Provider Reimbursement Manual , Part 1, Chapter 21, § 2162.6). However, the manual provides that such costs are allowable "where the provider submits evidence . . . that the insurance coverage or funding levels reflected the decisions of prudent management" (id. ). Here, the retroactive assessments were levied to address the trust's insolvency in covering workers' compensation claims because of financial mismanagement.
DOH rationally interpreted its own regulations in determining that the retroactive assessments were not allowable costs to be covered by Medicaid funds, and, thus, the agency's determination is entitled to deference (see Matter of Metropolitan Assoc. Ltd. Partnership v New York State Div. of Hous. & Community Renewal , 206 AD2d 251, 252 [1st Dept 1994]). Further, the HRA as an "agent of the State" could not substitute its own interpretation of the Medicaid regulations for that of the DOH (see Matter of Tormos v Hammons , 259 AD2d 434, 435-436 [1st Dept 1999]), and therefore was bound to apply the DOH's interpretation in denying petitioner's request to use excess Medicaid funds to offset the assessments under their contracts.
We reject petitioner's [*2]argument that the DOH issued an unpromulgated rule that affected its specific rights without going through the proper procedures. The DOH did not espouse a general principle, but decided a specific factual issue with respect to assessments imposed on certain home care agencies that participated in a financially distressed self-insurance trust (see Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health , 66 NY2d 948, 951 [1985]).
We have considered petitioner's remaining arguments and find them either unavailing or improperly before the Court.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022